MARY PECK, Respondent, v. THE SPRINGFIELD TRACTION COMPANY, Appellant.

Kansas City Court of Appeals, May 4, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Conflicting Evidence: Jury.** Where plaintiff's evidence makes a case its credibility is for the jury and not the appellate court, although it is readily perceived how the verdict might have been different.

2. **PASSENGER CARRIERS: Alighting Passenger: Conductor's Knowledge: Negligence: Instruction.** Although a passenger may be improperly engaged in alighting from a street car before it has come to a stop, yet it is culpable negligence in the conductor, knowing what the passenger is doing, to cause the car to be suddenly started so as to throw the passenger down.

3. **———: Starting Car: Evidence: Withdrawal by Instruction: Civil and Criminal Trial.** Where the court improperly admits evidence of conversation between the injured passenger and the conductor after the accident is over, yet if by instruction such evidence is withdrawn from the consideration of the jury, the error is cured unless the evidence is of such

Peck v. Traction Co.

character as a withdrawal cannot cure, which is frequently the case in criminal trials and may be in civil ones when improper evidence has been offered with a view of prejudicing the jury.

4. **TRIAL AND APPELLATE PRACTICE: Instruction: Oral Communications: Harmless Error.** Certain oral comments by the court explaining his reasons for giving certain instructions are held to be irregular, but being in favor of appellant, cannot be complained of.

5. **TRIAL PRACTICE: Argument of Counsel: Absence of Witness: Payment of Fees.** Certain remarks of the plaintiff's counsel explaining the absence of certain witnesses by reason of fees having to be paid are considered and held proper.

6. **EVIDENCE: Cross-Examination: Immaterial Matter: Harmless Error.** Though an unreasonable objection to the introduction of evidence was sustained, the action is harmless since the same matter was shown in other parts of witness's testimony, and the question asked seems not to reach the point now claimed to have been aimed at by counsel.

7. **PASSENER CARRIERS: Alighting Passenger: Starting Car: Care: Instructions.** Instructions are held a fair submission of the case to the jury. And, *held*, if defendant wished the term "highest degree of care" explained, it should have asked instructions to that effect.

8. **————: ————: Pleading: Position on Train: Instruction.** The petition averred that plaintiff was on the trailer car. Some evidence tended to show she was on the motor car. *Held*, an instruction that if on the latter she could not recover, was properly refused under the circumstances of this case. *Held*, further, instructions relating to the pleadings are properly kept from the jury.

9. **————: ————: ————: Amendment.** A pleading averred that the defendant's acts were done carelessly, negligently, willfully and maliciously. *Held*, an amendment leaving out "willfully" and "maliciously" was properly permitted.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Skinker, Tatlow* and *J. B. Delaney* for appellant.

(1) The court erred in permitting counsel for plaintiff to state to the jury in his opening statement

an alleged conversation between plaintiff and the conductor of defendant. The evidence was not a part of the *res gestae.* Objections by defense were specific, yet the court permitted a detailed statement of incompetent and highly prejudicial testimony. A few of the Missouri authorities will suffice: Rogers v. McCune, 19 Mo. 558; Adams v. Railroad, 74 Mo. 553; Aldridge v. Midland Co., 78 Mo. 559; Devlin v. Railroad, 87 Mo. 545; Barker v. Railroad, 126 Mo. 143; Reuschenberg v. Railroad, 161 Mo. 70; Koenig v. Railway, 173 Mo. 698; Redmond v. Railroad, 185 Mo. 1; Wojtylak v. Coal Co., 188 Mo. 260; Frye v. Railway, 200 Mo. 405; Krueger v. Railroad, 84 Mo. App. 358; Senn v. Railroad, 108 Mo. 152; Bevis v. Railway, 26 Mo. App. 19; Gotwald v. Transit Co., 102 Mo. App. 492; Lee v. Railroad, 112 Mo. App. 410; Harper v. Tel. Co., 92 Mo. App. 304; Fowler v. Loan Co., 86 Mo. App. 103; Insurance Co. v. Fillingham, 84 Mo. 534. (2) The error complained of under point I was repeated during progress of the trial. Over specific objections, the court permitted plaintiff to detail an alleged conversation between plaintiff and the conductor. This was no part of the *res gestae.* Adams v. Railway, 74 Mo. 553; Barker v. Railway, 126 Mo. 143; Koenig v. Railway, 173 Mo. 698; Reuschenberg v. Railway, 161 Mo. 70; Redmon v. Railway, 185 Mo. 1; Senn v. Railway, 108 Mo. 142. (3) This error was not cured by the subsequent exclusion of the same from consideration of jury. (4) The remarks of counsel for plaintiff on final argument, referring to the payment of just fees to Petrie, and referring to testimony of Mr. Delaney, counsel for defendant, who was compelled to become a witness to explain the transaction were unwarranted and reprehensible. Besides it was improper and unfair, under cover of an attack on Mr. Delaney, to inject the poverty of plaintiff into this case. (5) The declaration of the court when counsel for plaintiff was indulging such observations were too

mild to cure the wrong done defendant. It carried no rebuke or reprimand. Killoren v. Dunn, 68 Mo. App. 212; Falhman v. Tumilty, 34 Mo. App. 236; Cullar v. Railroad, 84 Mo. App. 340; Leu v. Transit Co., 106 Mo. App. 329; State v. Furgerson, 152 Mo. 92; Rice v. Sally, 176 Mo. 148; Mahner v. Linck, 70 Mo. App. 280; Ritter v. First National, 87 Mo. 574; Gibson v. Ziebig, 24 Mo. App. 65; Nichols & Shepherd Co. v. Metzger, 43 Mo. App. 607; Marble v. Walters, 19 Mo. App. 134; Koch v. Hebel, 32 Mo. App. 103; Prewitt v. Eddy, 115 Mo. 306; Haynes v. Trenton, 108 Mo. 123; Evans v. Trenton, 112 Mo. 390; Smith v. Tel. Co., 55 Mo. App. 626; McDonald v. Cash, 45 Mo. App. 66; State v. Lee, 66 Mo. 165; State v. Ferguson, 152 Mo. 92. (6) The damages awarded are excessive and in the light of the evidence adduced shocks the moral sensibilities. Not one dollar is shown to have been expended for medical treatment. Not one dollar is claimed for loss of time or for loss of wages. Minter v. Bradstreet Co., 174 Mo. 444; Rice v. Railroad, 101 Mo. App. 459; Longan v. Weltmer, 180 Mo. 322; Broyhill v. Norton, 175 Mo. 190; Ruth v. Transit Co., 98 Mo. App. 1; Grayson v. Transit Co., 100 Mo. App. 60; Newcomb v. Railroad, 182 Mo. 687; Markey v. Railroad, 185 Mo. 348; Luckel v. Bldg. Co., 177 Mo. 608; Chitty v. Railroad, 166 Mo. 435. This conversation went to the very issue and is so material that a withdrawal will not cure. Cobb v. Griffith, 12 Mo. App. 130; Meyer v. Lewis, 43 Mo. App. 417; Stephens v. Railroad, 96 Mo. 207; Asbury v. Hicklin, 181 Mo. 658; Wojtylak v. Coal Co., 188 Mo. 260.

*O. T. Hamlin* and *Rechow & Pufahl* for respondent.

(1) It is negligence to start a car while passengers are alighting. Street railways are common carriers and must employ the highest degree of care towards passengers and hold the car stationary while they

are alighting. Nelson v. Railway, 113 Mo. App. 702; Grace v. Railway, 156 Mo. 295; Dougherty v. Railroad, 81 Mo. 325; Becker v. Real Estate Co., 174 Mo. 246; Culler v. Railway, 84 Mo. App. 340; Barth v. Railway, 142 Mo. 536; Fillingham v. Transit Co., 102 Mo. App. 573; Railroad v. Tobbinger, 147 U. S. 571, L. E. Book 37, page 284; Railroad v. Smith, 90 Ala. 60; Highland Ave. & B. R. Co. v. Burt, 92 Ala. 291; Anderson v. Railway, 12 Ind. App. 194; Crump v. Davis, 33 Ind. App. 88; Electric v. Cusic, 60 Kan. 590; Asbury v. Railway, 125 N. C. 568; Railway v. Shaw, 110 Tenn. 467.    (2) The conversation between the plaintiff and the conductor was a part of the *res gestae* and should not have been withdrawn from the jury; but as it was, defendant cannot complain. Leahey v. Railway, 97 Mo. 165; Bergeman v. Railway, 104 Mo. 1. c. 86; Barker v. Railway, 126 Mo. 140; Stevens v. Walpole, 76 Mo. App. 220; Railway v. Coyle, 55 Pa. 402; Koeter v. Railway, 36 N. Y. S. R. 611; Railway v. Holland, 122 Ill. 461; Hooker v. Railway, 76 Wis. 542; Hermes v. Railway, 80 Wis. 590.    (3)    But if the court should conclude that the evidence should not have been admitted, then any such possible error was caused by the withdrawal of the same from the consideration of the jury by instruction. Harrison v. Kansas City Electric Co., 195 Mo. 634; Anderson v. Railway, 161 Mo. 420; O'Mellia v. Railway, 115 Mo. 221; McGinnis v. Loring, 126 Mo. 410; Sidekum v. Railway, 93 Mo. 400; Slavinow v. Insurance Co., 43 Mo. App. 517; Buckman v. Railway, 100 Mo. App. 30; Fowles v. Bebee, 59 Mo. App. 401. (4)    Where there is substantial evidence to sustain the verdict it will not be disturbed by the appellate court. Fullerton v. Carpenter, 97 Mo. App. 197; Everman v. Eggers, 106 Mo. App. 732; Veale v. Green, 105 Mo. App. 182; Dodd v. Guiseffi, 100 Mo. App. 311; Hunt v. Ancient Order of Pyramids, 105 Mo. App. 41; Woody v. Railway, 104 Mo. App. 678; Weller v. Wagner, 181 Mo.

551; Vivian v. Robertson, 176 Mo. 219. (5) The verdict is not excessive. This court will interfere with the jury's findings only in extreme cases. Brown v. Railway, 99 Mo. 319; Hannefar v. Kansas City, 103 Mo. 183; Fullerton v. Fordyce, 144 Mo. 534; Rodney v. Railway Co., 127 Mo. 691; Williams v. Railway, 123 Mo. 586; Hollenbeck v. Railway, 141 Mo. 112; Honeycutt v. Railway, 40 Mo. App. 679; Goodloe v. Railway, 12 Mo. App. 194; Winn v. Railway, 121 Mo. App. 629; Heyde v. Transit Co., 102 Mo. App. 537; Batten v. Transit Co., 102 Mo. App. 285; Norton v. Kramer, 180 Mo. 536; Henderson v. Kansas City, 177 Mo. 477; Maguire v. Transit Co., 103 Mo. App. 459.

ELLISON, J.—The plaintiff received personal injuries while a passenger on one of defendant's street cars in Springfield, which she charged to defendant's negligence, and brought this action for damages. The cause was taken to Polk county by change of venue, where plaintiff had judgment. It appears that there were two cars, the rear one called a trailer. The evidence in behalf of the plaintiff, which, as the verdict was in her favor, we must accept as true, tended to show that plaintiff boarded the rear car safely and that upon approaching where she desired to alight she gave a signal to stop and that the car was stopped. But before she had reasonable time to get off, and while on the step of the car in the act of alighting, the car was suddenly started with a violent jerk, throwing her onto the street and inflicting the severe injuries of which she complains.

The judgment is attacked not directly on the ground that there is no evidence to sustain it, but that it is so excessive as to show prejudice and a lack of due consideration of defendant's rights on the part of the jury. We have gone over the record in connection with the arguments of defendant's counsel and while we can well see how the several reasons assigned for discrediting

plaintiff's case could have influenced the jury to return either a verdict for defendant outright or a much less amount for the plaintiff, yet they did not have that influence and we find ourselves without authority to interfere. Certain it is, that if the evidence in plaintiff's behalf was believed, a case was made for her. Whether such evidence should be credited is a question beyond our province and we leave it, as the law requires we should, with the jury.

The instructions offered by defendant were all refused. We have just disposed of those which amounted to a demurrer to the evidence. The others it seems were not satisfactory to the court and of its own motion several were given which fully and fairly presented every phase of defense open to the defendant on the record. Instruction numbered 4, as offered by defendant directed the jury that even if it was believed that plaintiff gave the signal to stop and that the motorman heard it, and began to stop the car, yet if it was further believed that before the car came to a full stop plaintiff attempted to alight and by reason of such attempt was injured, she could not recover, even though without coming to a stop its speed was increased suddenly. The court added to this the qualification "unless the conductor knew she was attempting to alight and signalled the motorman to start and the start was made with a jerk which caused plaintiff to fall." It seems to be clear that although a passenger may be improperly engaged in the act of alighting from a street car before it has come to a stop, yet it is culpable negligence in the conductor, knowing what the passenger was doing, to cause the car to be suddenly started forward with such suddenness and force as to throw him to the ground.

When plaintiff fell to the street the car was soon stopped and the conductor went back to her assistance. Plaintiff was permitted to testify, over defendant's pro-

test, that he stated to her in answer to her question "Why did you start the car up?" that "that frisky motorman is so frisky he won't stand still long enough." This was admitted on the ground of being a part of the *res gestae,* and plaintiff insists now that it was proper. But we need not go into that question for the reason that the court concluded it was an error to admit it and gave an instruction withdrawing it from the consideration of the jury. The defendant insists that that did not cure the error, but we must hold it did. It has been frequently so ruled in the Supreme Court, the St. Louis Court of Appeals and this court. [Harrison v. Electric Light Co., 195 Mo. 635; Anderson v. Railway, 161 Mo. 420; Stavinow v. Insurance Co., 43 Mo. App. 517; Buckman v. Railway, 100 Mo. App. 30.]

Where the improper evidence is of such character as to make it reasonably probable that its effect would survive a warning not to consider it, a withdrawal in such case not being a cure in fact, will not be considered a cure in law. This is especially true in criminal cases where the accused's defense could be greatly affected by improper evidence tending to create a prejudice in the mind of the jury. And in a civil case, the discovery of design in the opposite party to influence the mind of the jury by getting in improper evidence of such character as would prejudice the jury, should, on appeal, cause his victory to be short lived. But where, as in this case, there is nothing in the evidence improperly admitted to suggest that its effect could not be removed by the written admonition of the court, the question falls within the reason of the cases above cited and judgment should not be reversed for an error thus corrected.

Besides the written instruction it seems that the court gave oral emphasis to it which was excepted to by defendant on the ground of being oral. The court

said: "Instruction numbered 8 is given because I permitted some evidence to go in as to conversation between the conductor and the plaintiff at the time he went back to where she was. I have come to the conclusion that evidence is not competent and have given you this instruction for that reason. You will be careful to exclude that evidence from your consideration—all of the evidence as to a conversation between the plaintiff and the conductor at the time he went back to her—in making up your verdict in this case." Communications from the court to the jury by way of instructions, or explaining instructions, or as to the effect or non-effect, propriety or impropriety, of parts of the evidence, should be in writing. In this view the last clause or sentence of the foregoing remarks of the court, was irregular. But it was uttered in defendant's behalf and in solicitude that no possible injury should result to it by reason of the error. In such circumstances it could not have been prejudicial to defendant and is no cause for complaint by it.

It appears that Bolivar, Polk county, where the case was tried, is more than forty miles from Springfield, where one of defendant's witnesses lived. It further appears that at such distance a witness cannot be compelled to attend. Defendant advanced a part of what would be the fee of that witness and mileage. The witness was questioned about this by plaintiff on cross-examination. No exception was taken and we cannot notice the point now. But, in this connection, objection is taken to the remarks of counsel in argument to the jury. It appears that defendant, in disparaging plaintiff's case, asked why certain of her doctors had not been called by her. Her counsel referred to this and stated that the evidence showed plaintiff to have been engaged in work at a laundry before her injury at one dollar per day; that for eleven months she had not been able to work; that the witnesses lived more

than forty miles distant; that "You cannot compel a witness to go over forty miles without advancing him his fees. Counsel tells you that he paid Mr. Petree himself; that he had to pay Mr. Petree himself; that he had to pay him his fee to secure his attendance. I would like to know how a woman working for a dollar a day prior to that time could get her witnesses here." This line of argument was objected to and the court asked to reprimand counsel. Thereupon the court said: "That is not proper argument." And thereupon plaintiff's counsel said: "The court says that is not proper argument and I will leave it out." No objection was made to the lack of severity or impressiveness of the court's reprimand, as is now urged. Taking this part of the record together, forming as it does, a distinct episode in the trial, we do not see ground for defendant's complaint. If a point or suggestion is made that a party has not introduced certain witnesses who might have thrown light on the case, the opposite party has a right to refer to anything which the evidence discloses which would explain away prejudicial inferences which might otherwise be made. The explanation given by plaintiff's counsel was natural, reasonable and justified by the record.

Counsel for plaintiff included in his opening statement to the jury a statement of what plaintiff said passed between her and the conductor who came to her assistance, in regard to the conduct of the motorman. We consider that what we have already said concerning the withdrawal of the evidence afterwards given on this matter, covers the objections urged to the statement.

In plaintiff's evidence in chief in her own behalf she stated that after the conductor left her she sat upon the street where she had been thrown: "I sat there awhile. I got blind and could not see. I sat there until I was pretty near over my blindness so I could see and I walked down to the subway and sat on a

rock." On cross-examination counsel examined her as to testimony she had given on a former occasion, and asked: "Did you not state in your testimony before about stopping two or three times on the road going to your sister's?" This was objected to by plaintiff's counsel as immaterial and the objection was sustained. We do not see why the objection was made though we conclude no harm resulted which would justify a reversal. She had just testified in chief that "I sat there and rested awhile and then walked some more and rested again. I done that same way until I got to my sister's and then I 'lay down." No harm could possibly have resulted from refusing the question. If she had answered yes, it would have only shown she still made the same statement; if she had answered no, and it had been shown she had, it would only have corroborated her statement then just made. The point now suggested is that she did not state in her former testimony about being blinded. But it will be seen that such idea is not conveyed or embraced in the question which was ruled out. The question was only as to whether she testified as to stopping two or three times.

The instructions as a whole presented the case fairly to the jury and they embraced every issue in the case. Allowing the jury to be men of ordinary intelligence, there is no room for a suggestion that they could have been misled or that they failed of a full understanding of the case.

One in plaintiff's behalf required an exercise of the highest degree of care on the part of defendant's servants. It is insisted that such term should have been explained. If so, defendant should have asked such explanation, which it did not do.

The petition alleges that plaintiff was upon the trailer or rear car. According to some of the evidence in defendant's behalf she was upon the front car, and it asked an instruction that if she was on the front car

she could not recover. This was properly refused. It was not a material issue. When specific negligence is alleged the law confines the right to recover to that particular negligence for the reason that such specification is a specification of the issue involved. But whether a passenger is in one car or another of a train is of no material consequence, ordinarily, and it was not in this case. It is readily seen that a case might arise in which the pleading and evidence would make the particular car an important issue, but ordinarily it is not material.

Other instructions refused contained propositions as to the law of pleading to be addressed to the court and were properly kept from the jury.

The original petition alleged the acts of defendant's servants to have been done "carelessly, negligently, willfully and maliciously." An amendment was permitted over defendant's objection striking out the words "wilfully and maliciously." There was no error in allowing the amendment.

There were some objections to evidence in addition to that to which we have alluded. We do not regard the rulings thereon as improper nor as affecting the merits of the case. A careful examination of the entire record has led us to the conclusion that we are without authority to interfere with the judgment, and it is accordingly affirmed. All concur.