FANNIE G. STONE, Respondent, v. METROPOL-
ITAN STREET RAILWAY CO., Appellant.

**Kansas City Court of Appeals, January 22, 1912.**

1. **IMPROPER EVIDENCE: Withdrawal by Instructon.** Where
improper evidence is admitted in a trial by jury, in a civil
case, the error is cured by an instruction withdrawing such
evidence from the consideration of the jury.

2. **PASSENGER: Street Car: Negligence: Violent Jerk.** Where
a passenger on a street car informs the conductor that she wishes
to get off at the next street crossing, and the car stops there
and the passenger passes by the conductor in proceeding to the
platform, when as she gets on the step to alight the car is
started forward with a terrific jerk and throws the passenger
to the street, the carrier is liable in damages.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas,* Judge.

AFFIRMED.

*John H. Lucas* and *Clarence S. Palmer* for appel-
lant.

(1) The motion to discharge the jury should have
been sustained. Peck v. Traction Co., 131 Mo. App.
l. c. 141; Wojtylak v. Coal Co., 188 Mo. l. c. 286; State
v. Spivey, 191 Mo. 87 l. c. 110; State v. Martin, 229 Mo.
l. c. 640. (2) The verdict is excessive. (3) In view
of the undisputed physical facts defendant's peremp-
tory instruction should have been given. Scroggins v.
Ry. Co., 138 Mo. App. 215.

*Robert L. Herrick* and *Henry J. Latshaw* for
respondent.

ELLISON, J.—Plaintiff was a passenger on one
of defendant's street cars in Kansas City, and in at-
tempting and while in the act of alighting therefrom

the car was suddenly started forward, throwing her to the payment and injuring her. She brought this action, alleging negligence on the part of defendant's servants, and recovered judgment in the circuit court for $5,000. The trial court required a remittitur of $2,000, and upon judgment being entered for $3,000 the defendant appealed.

If we accept the statements in the petition as true, it is very rare that a fall from the steps of a street car could have resulted disastrously in so many distressing ways. These allegations are (italics ours) that "plaintiff's head and skull were bruised, lacerated and contused; her back, spine, left leg and thigh and the bones, muscles and nerves thereof were bruised, wrenched and contused; her left foot and the bones' thereof, were wrenched, bruised aand mashed, and plaintiff's *entire* nervous system was shocked and plaintiff was injured in *all* of her internal organs", and that "*all* of said injuries are permanent." But we are not at liberty to say that all of these allegations could not possibly be true, and we pass to the trial of the case.

It is first insisted that no case was made for the jury. Accepting the evidence in plaintiff's behalf as true, we think this objection to the judgment should not be sustained. Plaintiff signified to the conductor her desire to leave the car at twenty-fourth street and Troost avenue. The car stopped at that point. She had gone to the platform, passing by the conductor, and when the car had stopped she reached the step and was in the act of alighting when the car started "with a terrific jerk", and threw her to the pavement. She had told the conductor she was going to get off and she passed by him in going to the exit, but before she could safely alight she was thrown to the pavement. We think the trial court justified in submitting the case to the jury.

During the trial evidence was heard as to a special and rare disease of the knee known as "Charcot's joint", as having resulted from plaintiff's injury. Defendant asked that, on the ground that such injury was not alleged and that it was too rare to be fairly in what was alleged, such evidence be stricken out. There was much argument before the court on the point and defendant's request was finally sustained. So, too, in regard to plaintiff's heart being affected, defendant objected to evidence on that head and asked that it be stricken out on the ground that it was not alleged. Plaintiff claimed that it was; that the heart was one of the internal organs, and that the peition alleged *all* of them were injured. Defendant asked that the jury be discharged on account, especially, of having heard the evidence as to the Charcot joint disease of the knee. This was overruled.

But at the close of the case the court by instructions pointedly withdrew from the jury's consideration the evidence as to Charcot's joint and the injury to the heart. Defendant claims that this was not sufficient. Such method as to improper evidence, in civil cases, has been frequently approved by the Supreme Court and Courts of Appeals.

There may be instances where prejudice to the right of a party to a fair trial would be apparent, as where improper evidence had been designedly gotten before the jury (Peck v. Traction Co., 131 Mo. App. 134), but the circumstances and surroundings, being in the immediate view of the trial court, its action should have some weight with the appellate court. We therefore do not feel authorized to interfere. [Harrison v. Electric L. Co., 195 Mo. 606, 635; Anderson v. Railway Co., 161 Mo. 411, 420; O'Mellia v. Railway Co., 115 Mo. 205.]

We think excessive verdict was cured by the remittitur. The judgment will be affirmed. All concur.