HENRY B. CLOSSON and Another, as Executors, etc., of COR-NELIUETT SMITH, Deceased, Appellants, *v.* SUSAN D. GRIFFITH and Another, Respondents.

First Department, December 3, 1926.

Executors and administrators — action for wrongful death of plaintiffs' testatrix — testatrix was old woman at time of accident — action was brought under Decedent Estate Law, § 130, for benefit of next of kin — next of kin of testatrix are sole beneficiaries of residue under will — error for court to admit testimony as to benefits that next of kin received under will (Decedent Estate Law, § 132) — error for court to charge that jury could consider whether or not next of kin suffered any loss in view of benefits they received under will.

In an action, brought under section 130 of the Decedent Estate Law, to recover damages for the death of plaintiffs' testatrix, an old woman, who was killed by an automobile operated by one of the defendants and owned by the other, it was error for the court to admit testimony as to the benefit that the next of kin of the testatrix obtained as beneficiaries under the residuary clause of her will and to charge the jury that in fixing the amount of compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought, it might take into consideration the fact that, under the will, the next of kin were each to receive approximately $1,600 a year, and that during the life of the testatrix they had each received from $300 to $500 per year (Decedent Estate Law, § 132).

It was the duty of the jury to ascertain the pecuniary loss which the next of kin sustained by the death of the testatrix, and in doing so they did not have the right to offset or deduct any benefits which they received under the will of the testatrix.

APPEAL by the plaintiffs, Henry B. Closson and another, from a judgment of the Supreme Court in favor of the defendants, entered

in the office of the clerk of the county of New York on the 28th day of December, 1925, upon the verdict of a jury.

*Henry F. Cochrane* of counsel [*William M. Sperry, 2nd,* attorney], for the appellants.

*F. A. W. Ireland,* for the respondents.

MERRELL, J. This action was brought by the executors of the last will and testament of Corneliuett Smith, deceased, against the defendants, Susan D. Griffith and Albert di Ginilo, to recover the sum of $5,000 damages alleged to have been sustained as the result of the death of the testatrix, alleged to have been caused as the result of the negligence of the defendants. The action is brought pursuant to the provisions of section 130 of the Decedent Estate Law (added by Laws of 1920, chap. 919; formerly Code Civ. Proc. § 1902) to recover for the death of the testatrix for the benefit of her next of kin. At the close of the trial the jury rendered a verdict in favor of the defendants, and the plaintiffs have appealed from the judgment entered thereon.

The testatrix, an old lady of the age of eighty-one years, and described by the witnesses sworn for the plaintiffs as a peculiarly active and alert person, was struck by the automobile owned by the defendant Susan D. Griffith and driven by her chauffeur, the defendant Albert di Ginilo, on the 16th day of December, 1921, in the street or highway on Seventh avenue near the northwesterly corner of Fifty-second street, in the city of New York. The evidence of the plaintiffs, which is undisputed, is that on the day in question, at about eleven o'clock in the forenoon, the testatrix, in company with a young gentleman, had left the westerly curb of Seventh avenue, just north of Fifty-second street, for the purpose of taking a south-bound surface car on Seventh avenue and had passed with her companion to a point about midway between the curb and the south-bound track of the surface railroad; that the testatrix and her companion first hailed a passing car, which did not stop, and that they then turned and started back toward the curb; that as they did so the defendant's automobile passed between them and the car track, going in a southerly direction, and came to a standstill before crossing Fifty-second street; that the testatrix and her companion, seeing another car approaching, again started back to the car track in an effort to signal and board the approaching car, but that the second car, like its predecessor, passed without stopping, and as they were turning and about to return to the sidewalk the defendant's car, which had stopped about ten feet from them toward the south, suddenly backed up, and the testatrix was struck and

thrown to the pavement. The testatrix received serious injuries, as the result of which, the evidence shows, she died on the 23d day of January, 1922. A bystander described the accident and the manner in which it occurred as above indicated. Medical testimony was given showing that the testatrix died as the result of injuries which she sustained by being struck by the automobile of the defendant Griffith, driven by her chauffeur, Albert di Ginilo. The defendants gave no evidence in the case showing any act of contributory negligence on the part of the deceased, or in any way excusing the negligence of the chauffeur in driving the automobile.

The testatrix left a last will and testament wherein the plaintiffs were named as executors, and by the terms of which instrument, after certain specific bequests, the residuum of the estate of the decedent was left in trust for the benefit of two granddaughters, Edith Harlan Robertson and Marguerite Adams Porter, each of said granddaughters to receive the net income from one-half of said residuary estate during the term of her natural life, with the power of appointment by will to each of the granddaughters of the testatrix, or, in the event of default in such appointment, with the remainder over to each of the issue of the said granddaughters. The two grandaughters were the only next of kin of the testatrix, and the action is prosecuted in their behalf to compensate them for pecuniary loss suffered by reason of the death of the testatrix.

Marguerite Adams Porter, sworn as a witness, testified that her grandmother, the testatrix, was at the time of her death eighty-one years of age and a very unusual old lady; that she was strong and able to look out for herself until she received the injuries from which she died; that she was always strong and well and was a spry old lady, accustomed to go about the city and to attend to her business affairs, which included the rental of two pieces of real property occupied by business tenants, the collection of rents, the making of repairs, the payment of taxes and insurance, and the general management thereof, and that prior to her injuries she had never employed an agent to look after her properties. Mrs. Porter further testified that for many years the testatrix had been accustomed to pay her from $300 to $500 a year to aid in the support of herself and her son, the witness being divorced from her husband; that these payments to the granddaughter were made at various times of the year as her necessities required; that the witness and her grandmother were closely related in affection as well as in blood, and that her grandmother had made these payments all through her life.

Edith Harlan Reed Robertson, also a grandaughter of the testa-,trix and a cousin of the witness Marguerite Adams Porter, testified

that she resided with her husband at Annapolis, Md.; that her husband for some years had been an invalid and had undergone a number of serious operations; that she was the mother of five daughters, and had lived with her grandmother, the testatrix, from the time she was five weeks old until her marriage, and that since her marriage she saw her grandmother, the testatrix, almost constantly, she either visiting her grandmother in New York, or her grandmother visiting the witness at Annapolis. Mrs. Robertson, as did Mrs. Porter, described the testatrix as a vigorous, well-appearing woman, and very active. She testified that during all of her married life testatrix had been accustomed to pay her $300 to $500 a year to aid her in the support of her family; that one of her daughters had been for years a sufferer from infantile paralysis, and that the testatrix had helped her a great deal; that the witness was very close to her grandmother; that her husband had not worked for three years prior to the death of the testatrix, and was an invalid.

Upon the trial, under the objection and exception of counsel for the plaintiffs, the trial court permitted the defendants to show that the value of the life interest of the estate, computed according to the mortality tables, received by the granddaughter Edith Harlan Robertson under the will of the testatrix was $32,216.87, and that the value of the beneficial life interest of the granddaughter Marguerite Adams Porter, calculated according to the mortality tables, was $32,436.88. This testimony appears to have been received upon the contention of counsel for the defendants that the amount received by the next of kin of the decedent as beneficiaries under her will might be considered by the jury upon the question of the pecuniary loss to the said next of kin as the result of the death of the testatrix. In submitting the case to the jury the court charged the jury as follows:

" The will shows to us one thing that is important to consider, and that is that each of these ladies who received these benefits which I spoke about, the next of kin, to whom anything you give will go as unbequeathed assets outside of the will to them and not with the entanglements of cross-remainders and of life estates, and so forth, that the will calls for. This will shows us that each of these women will get the income for life on $32,000 apiece, which means on the basis of five per cent $1,600 apiece.

" I am leaving to you the question as to whether — and this is in accordance with your honor and your oath of office to consider, and not the lump in your throat — there was or was not any pecuniary loss to these two ladies, Mrs. Porter and Mrs. Robertson, because of the death, through negligence, of Mrs. Smith, occasioned

by this accident, that is compassed in the provisions and allegations of the complaint, and that is the sole question before you. Can you say that these two women were hurt by her death?

" Now the question of sympathy does not come into it. You have to sit there and in cold blood obey what I say with regard to the law, and then you have the problem before you to say, in the first place: Were they financially hurt? And in the next place, you have to say: How much? In what sum were they hurt? So that we can resort to a pecuniary compensation for their injury because of the death of Mrs. Smith. You are taking all the circumstances into consideration; that Mrs. Smith was an old, old woman, and that these women had not been benefited to an extent of more than $300 to $500 a year apiece, and that now they have the income from this estate which I have told you of."

The only effect of the foregoing instructions to the jury was that the jury were to take into consideration the fact that these next of kin, as legatees under the will of the testatrix, had received substantial benefits and that the jury might properly take into account such fact in arriving at the amount of compensation to be awarded the plaintiffs for the benefit of said next of kin. I am of the opinion that such instructions to the jury were erroneous and not a correct exposition of the law. In relation to such instruction given the jury by the trial court, counsel for the plaintiffs duly excepted, and said counsel for the plaintiffs asked the court to charge the jury that it was their duty to ascertain the pecuniary loss which the next of kin had sustained by the death of the testatrix, and that any benefits which they received in any way whatever were not to be offset or deducted. The court declined to charge as thus requested, and to the court's refusal counsel for the plaintiffs duly excepted. I think the charge of the court in the respect stated was clearly erroneous, and that the exception thereto taken by counsel for the plaintiffs presents error requiring a reversal of the judgment appealed from. The Decedent Estate Law (§ 132, added by Laws of 1920, chap. 919; formerly Code Civ. Proc. § 1904) provides that the damages awarded to the plaintiff in such case may be such a sum as the jury upon a writ of inquiry or upon a trial deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death to the person or persons for whose benefit the action is brought. No hard or fast rule can be laid down by which juries may be guided in arriving at the amount to be awarded by way of such compensation for pecuniary injuries suffered by the next of kin, but it long since became the established law in this State that a jury may not consider the amount received by the next of kin through the death of a testatrix or under her

will in arriving at the compensation to be awarded. In *Terry* v. *Jewett* (17 Hun, 395) the General Term, Fourth Department, held that the trial court committed no error in refusing to charge as requested by counsel for the defendant that in estimating damages the jury might consider the fact that the plaintiff, as next of kin, would be entitled to the property of the deceased, by reason of her death. In connection with such refusal the trial court charged that the plaintiff could only recover for the pecuniary injury that he had sustained by the death of the intestate, Mr. Justice SMITH, writing for the General Term, saying (at p. 403): "The request was but little less than asking the court to charge that the defendant, having benefited the plaintiff, by killing his daughter, and thus putting him in possession of her estate, is entitled to compensation for the service, in the shape of a reduction of the damages given by the statute. The request was properly refused." The Court of Appeals unanimously affirmed the General Term in *Terry* v. *Jewett* (78 N. Y. 338), Associate Judge MILLER, writing for the Court of Appeals, saying (at p. 345) with reference to the alleged error in the court's refusal to charge as requested by counsel for the defendant: "There was no error in the refusal to charge that, in estimating the damages, the jury might take into consideration the fact that the plaintiff would be entitled to the property of the deceased, of which she was the owner at the time of her death, as her next of kin, by reason of her death. The court did charge that the jury could only find a verdict for the pecuniary injury sustained by the death of the deceased. This was in conformity with the statute which gives damages in such cases, and, we think, covered the facts in the case. *It is certainly not clear that the pecuniary injury would be any less because the deceased was a thrifty person who had accumulated some property, and that by her death the next of kin would inherit the same.* In fact, the death of such a person might, for this very reason, be a greater loss in a pecuniary point of view. Such considerations, however, could not properly affect the question of damages in an action like the present." (Italics are the writer's.) To the same effect is the opinion of Mr. Justice LAUGHLIN in this court in *Geary* v. *Metropolitan Street R. Co.* (73 App. Div. 441, 443). So in the case at bar, it seems to me, that the fact that as the result of the death of the testatrix these next of kin, as her legatees, have received substantial benefits under her will has nothing whatever to do with the pecuniary loss which they have sustained as the result of her death.

I am, therefore, of the opinion that the court improperly received evidence concerning the benefits received by the next of kin of the testatrix as beneficiaries under her will, and that such evidence

was improperly considered by the jury in arriving at a verdict for the defendants, and that the court erred in its instructions to the jury that such circumstances might be considered by the jury in arriving at a verdict.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, McAVOY and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.