Raymond J. BAKER, Appellant,

v.

Delbert Eugene FORTNEY and Tandy Auto Parts, Inc., a Corporation, Respondents.

No. 22488.

Kansas City Court of Appeals.

Missouri.

Jan. 7, 1957.

Roy P. Swanson, Robert M. Duboc, Kansas City, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, of counsel, for appellant.

Robert L. Shirkey, Rogers, Field, Gentry & Jackson, Kansas City, for respondent Tandy Auto Parts, Inc.

BROADDUS, Judge.

Plaintiff's third amended petition, on which this case was tried, alleges that a truck owned by plaintiff was damaged to the extent of $2304.95 as a result of an accident caused by the negligence of defendants Fortney, Tandy Auto Parts, Inc., and Byers Transportation Company; and judgment against all these defendants is prayed for in that amount. At the close of all of the evidence the court directed a verdict in favor of defendant Byers Transportation Company, and that Company is not involved in this appeal. The trial resulted in a jury verdict and judgment for the plaintiff and against defendants Fortney and Tandy Auto Parts, Inc., in the amount of $700. Plaintiff in due course filed his motion for a new trial on the issue of damages alone, which motion was overruled by the trial court.

Neither defendant filed any after trial motion, and plaintiff is appealing from the

final judgment entered on the jury verdict. The evidence introduced at the trial which dealt solely with the issue of liability (as opposed to the issue of damages) has been omitted from the transcript on appeal with the consent of the parties and trial court's approval.

The truck, for damages to which this suit was brought, was at the time of the accident owned by the Black-Baker Mfg. Co., a partnership. Since the original petition was filed, Raymond J. Baker, the plaintiff named in the third amended petition, has succeeded to the rights of that partnership in this cause of action.

Plaintiff's truck was a 1951, 1½ ton Chevrolet and was purchased by the Black-Baker Mfg. Co., with less than 5,000 miles on it from one Leon Orr on April 16, 1952, for a total purchase price of $2,754.95. The accident in question occurred eight days later on April 24, 1952.

While the evidence as to the issue of liability is not before us the petition and instructions disclose that plaintiff's theory of recovery was as follows: That his truck was being driven from Hartselle, Alabama, to Independence, Missouri; that at the time of the accident it was being operated in a westerly direction on U. S. Highway 40 near Oak Grove, Missouri; that at said time and place a truck owned by defendant Byers Transportation Company, was being operated in an easterly direction along said highway; that defendant Fortney, an employee of defendant Tandy Auto Parts, Inc., was driving an automobile in the same direction along the same highway and behind the Byers truck and that defendant Fortney caused the automobile he was driving to cross into the north or lefthand lane of said highway and collided with plaintiff's truck.

Mr. Baker saw the truck the day before the accident when it left Hartselle, and his testimony was that it had not been used since it was purchased on April 16, and that therefore immediately before the acci-

dent the truck was worth just what the Black-Baker Mfg. Co., had paid for it, which was $2,754.95. There is *no other* evidence in the record as to the value of plaintiff's truck before the accident. After the accident there were five bidders who bid to buy the truck in its damaged condition, and it was sold for $350. There is *no other* evidence in the record as to the value of plaintiff's truck after the accident.

In the cross-examination of Mr. Baker by defendants, it was brought out that plaintiff had collision insurance on the truck with the Carolina Casualty Company; that the collision policy contained a $250 deductible clause; and that plaintiff was paid by the Carolina Casualty Company approximately $1,600 for damage to the truck.

Instruction No. 6 given by the court at plaintiff's request told the jury that the measure of plaintiff's damages is "the difference in the reasonable value of said tractor immediately prior to the collision and the value of said tractor immediately after the collision but not to exceed the sum of $2304.95."

At the close of the arguments and after the court had requested the jury to retire to consider their verdict the following conversation took place in the presence and hearing of the jury between the court and one of the jurors:

"A Juror. Can we get a clarification on one point not covered by your instructions?

"The Court. What is that?

"A Juror. Should there be given any consideration to the insurance money, to the $1600.00 collected in this case for damages?

"The Court. Oh, certainly.

"A Juror. It wasn't covered in your instructions.

"The Court. Well it is in the instructions the plaintiff is suing for $2300.00. What insurance he had is

just—he paid for that and he is entitled to it. You know we don't beat insurance companies out of money in these courts unless there is a reason for it. Do you understand?

"A Juror. Yes sir."

Thereupon the jury retired to deliberate and thereafter returned their verdict for plaintiff and against both defendants for $700, upon which verdict the judgment appealed from was entered.

Plaintiff contends that the trial court erred in making his comments concerning the $1,600 insurance proceeds; that his remarks, in part, constituted a misdirection of the jury, contradicted Instruction Number 6, and tended to confuse and mislead the jury.

■ Plaintiff was entitled to recover, if at all, the difference between the reasonable value of the truck immediately before and immediately after the accident, Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, loc.cit. 663, and this is so notwithstanding the fact that plaintiff had been compensated for some of the damage by his collision carrier, the Carolina Casualty Company. Swift & Co. v. Wabash R. Co., 149 Mo.App. 526, 131 S.W. 124, loc.cit. 125; Sexton v. Anderson Electric Car Co., Mo. App., 234 S.W. 358. Such was the measure of damages defined in Instruction Number 6 which the court gave at plaintiff's request. When a juror asked the trial court: "Should there be given any consideration to the insurance money?" the juror was obviously asking about the method to be used in computing plaintiff's damages. The trial court's reply to this question was "Oh, certainly"; and, in effect, instructed the jury that the payment of this $1,600 to plaintiff by plaintiff's insurance company should be taken into consideration in computing plaintiff's damages. This obviously, under the authorities cited above, constituted a misdirection of the jury and furthermore directly contradicted what had been said in Instruction Number 6 about the method to be used in computing damages, as under the formula defined in that instruction the fact that this $1,600 had been paid to plaintiff was wholly immaterial in computing his damages. It is error to give conflicting and contradictory instructions. And it also should be said that communications from the court to the jury by way of instructions, *or explaining instructions,* should be in writing. Peck v. Springfield Traction Co., 131 Mo.App. 134, 142, 110 S.W. 659.

■ The rest of the remarks made by *the court concerning this $1,600 payment* were certainly under all of the circumstances confusing and misleading to a jury of ordinary laymen, and the making of these additional remarks was error. Smith v. Stanolind Pipe Line Co., 354 Mo. 250, 189 S.W.2d 244, loc.cit. 252. Just prior to the making of these remarks counsel for defendant Tandy Auto Parts, Inc., in his closing argument had emphasized that plaintiff "had this insurance, he was compensated." The court then told the jury: "What insurance he had is just—he paid for that and he is entitled to it." In the context in which this statement was made it obviously would mislead the jury into thinking that the plaintiff would get to keep all money recovered in this action even though he had already received $1,600 for damages sustained. Of course under the law plaintiff would have no such right to keep the full recovery, but to the extent that the Carolina Casualty Company has been subrogated to his claim he would hold the recovery in trust for that company. Swift & Co. v. Wabash R. Co., supra, 131 S.W. loc.cit. 125.

■ Plaintiff made no objection to the trial court's remarks. However, Rule 3.27 of our Supreme Court, 42 V.A.M.S., provides:

"Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or

preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom."

For the reasons heretofore stated the making of the remarks in question clearly constituted "plain error" within any reasonable meaning of the phrase. In making these remarks the court pointed out that, "it is in the instructions plaintiff is suing for $2,300." The jury came in with a verdict for $700, which is exactly $2,300 less the $1,600 insurance proceeds which the trial court had erroneously told the jury to consider in computing plaintiff's damages. Under these circumstances the amount of the verdict is a clear indication of the prejudicial effect of the trial court's remarks, Pace v. Roberts, Johnson & Rand Shoe Co., 103 Mo.App. 662, 78 S.W. 52, loc. cit. 54; Yankoff v. Allied Mutual Insurance Co., Mo.App., 289 S.W.2d 471, loc.cit. 476, and there can be no question but that these remarks affected "substantial rights" and resulted in "manifest injustice" within the meaning of the Supreme Court Rule 3.27.

Our Appellate Courts have had occasion to apply Rule 3.27. See Leaman v. Campbell 66 Express Truck Lines, 355 Mo. 939, 199 S.W.2d 359; Calloway v. Fogel, 358 Mo. 47, 213 S.W.2d 405; and Fleetwood v. Milwaukee Mechanics Ins. Co., Mo.App., 220 S.W.2d 614.

The Leaman case, supra, was a suit for wrongful death of plaintiff's wife allegedly caused by defendant's negligence. The death occurred in an automobile collision between defendant's vehicle and a vehicle in which plaintiff's wife was a passenger. One of the defenses asserted was that the accident was caused by the sole negligence of the driver of the car in which plaintiff's wife was riding. Verdict was for the de-

fendant, and plaintiff appealed. In arguing the case to the jury defendant's counsel intimated that the driver of the car in which plaintiff was riding was intoxicated and that there was something wrong with plaintiff's reputation which caused plaintiff to sue in a county other than that in which he resided. There was no evidence to support such assertions, and the argument in these respects was therefore clearly improper. Sufficient objections were not made, however, to preserve the argument for review. The Supreme Court nevertheless considered the propriety of the argument under the authority of Rule 3.27 and reversed and remanded the cause on the ground that in permitting defendant's counsel to make the argument the trial court committed prejudicial error.

The Calloway case, supra, was another case in which the court invoked Rule 3.27 in reversing a trial court for error in permitting prejudicial arguments to be made to the jury, notwithstanding the lack of sufficient objections to these arguments.

In the Fleetwood case, supra, Rule 3.27 was invoked in reversing a trial court for making erroneous and prejudicial comments in the hearing and presence of the jury even though no objections were made to these comments.

The Leaman, Calloway and Fleetwood cases, supra, are indistinguishable in principle from the case at bar; and in fact none of these three cases contain as clear evidence of "manifest injustice or miscarriage of justice" as there is here.

The judgment should be reversed and the cause remanded for a new trial on the question of damages only. It is so ordered.

All concur.