Frederick Thomas MEYER,
Plaintiff-Appellant,

v.

CLARK OIL COMPANY, et al.,
Defendant-Respondent.

No. 47111.

Missouri Court of Appeals,
Eastern District,
Eastern Division.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 28, 1985.

James B. Herd, Michael F. Heavey, Dee-
ba, DeStefano, Sauter & Herd, St. Louis,
for plaintiff-appellant.

Anthony F. Vaiana, Kortenhof & Ely,
Ben Ely, Jr., Joseph H. Raybuck, St. Louis,
for defendant-respondent.

E. RICHARD WEBBER, Special Judge.

Adam L. Meyer died from injuries re-
ceived when his automobile collided with a
truck owned by the Clark Oil Company and
driven by Samuel Davis. The deceased
was the 24 year old brother of appellant
who brought this wrongful death action
which resulted in judgment upon jury ver-
dict for defendants in the trial court. At
the time of his death the decedent earned
$15,000 annually, none of which was paid
to his brother. The deceased did not sup-
port appellant in any way, performed no
services for appellant and made no contri-
butions to appellant either monetarily or in
the form of services. Both jointly owned a
"family home" which they maintained
equally. By operation of law appellant be-
came sole owner of the building and lot at
the time of his brother's death.

The first assignment of error is that the
trial court erroneously permitted defense
counsel to argue that in determining pecu-
niary loss, the jury should consider appel-
lant's total ownership of the "family home"
after his brother's death as a gain since he
had only a one-half interest before the

death. Respondents opine that appellant failed to preserve this point for appellate review by properly objecting. The record in that regard reveals that counsel for defendant Clark Oil Company stated in his closing argument, "... as a matter of fact, in terms of pecuniary loss, I ask you to remember this. Now, Mr. Frederick Meyer is the sole owner of the house that he only owned half of." Plaintiff's counsel objected, "Judge, I object to this. Improper argument on the grounds previously stated."

■ The trial judge properly overruled the objection in this form which neither apprised the judge of the basis for the objection, nor described the extent of relief sought. An objection "... on the grounds previously stated" fails to inform the trial court of the precise reason for required court intervention. That proposition is discussed in *Dolgin v. Potter Elec. Signal Co.*, 536 S.W.2d 61 (Mo.App.1976) at loc. cit. 65, "... Only one objection was made during this line of argument: 'Same objection, Your Honor.' ... An objection as formulated here preserves nothing for review. The purpose of an objection is to call to the attention of the trial court that which the objecting party considers to be error and the objecting party has the burden of making the basis of his objection reasonably apparent to the court. *Crabtree v. Reed*, 494 S.W.2d 42, 45[4] (Mo.1973)...."

While it was noted in *Brookman v. General Safety & Sec., Inc.*, 600 S.W.2d 100 (Mo.App.1980) at loc. cit. 103, "Our appellate courts have not, in recent years, been quite so technical as they formerly were on this subject" counsel may not fashion a panoply by asserting general objections which serve to require a trial judge to review the entire case in a split-second ruling and speculate as to counsel's subjective thought processes. The record abundantly demonstrates why, in this case, no error is present.

Counsel for appellant successfully objected to testimony pertaining to the value of the "family home" on grounds of irrelevancy when defendant Clark Oil Company attempted to solicit that information. At the instruction conference appellant's counsel, not counsel for either respondent, stated that he intended to argue, "From the standpoint of pecuniary loss, I feel it's fair game to argue ... the support issue on payment of bills for keeping of the house ..." Counsel for respondents harmoniously objected promptly but were "overruled". This colloquy was followed by more than one hour of closing argument by three lawyers who offered various objections, with only the one pertaining to the "family home" which is first detailed in this opinion. When appellant's counsel states, "Judge, I object to this. Improper argument *on the grounds previously stated*" (emphasis supplied) he cannot be referring to grounds previously stated in his argument, because no other such objection was made. The record demonstrates how nebulous objections fail to inform the court of the subjective import intended, and why our appellate courts have recognized that they preserve nothing for appellate review. To hold otherwise would shift the burden to make proper objections from counsel, where it belongs, to the court, a practice which would both encourage counsel to plant a trap for the most discerning judges and frustrate attempts to restore judicial economy to appellate courts beleaguered by appeals.

■ Furthermore, the objection is inadequate because it fails to state the extent of relief requested to resolve the alleged defect. "Also, the failure to request the trial court to instruct the jury to disregard improper argument or a question constitutes a waiver of the right to complain on appeal that the jury was not so instructed, *Mickel v. Thompson*, 348 Mo. 991, 156 S.W.2d 721 [(1941)], and the same is true when there is no request that the trial court reprimand counsel for improper argument. *Vowels v. Missouri Pac. R. Co.*, 320 Mo. 34, 8 S.W.2d 7 [(1928)]." *Olsten v. Susman*, 391 S.W.2d 328 (Mo.1965). The record is silent as to any relief plaintiff's counsel expected the court to grant. The appellant is therefore without any basis to complain that the

trial court failed to do that which was never requested.

Appellant's second allegation of error is resolved against him with the Court's ruling on the first point. The charge that the "collateral source rule" precludes argument that pecuniary gain resulted from decedent's death because at that time jointly held property passed to appellant is not preserved for appellate review. In *Handshy v. Nolte Petroleum Company*, 421 S.W.2d 198 (Mo.1967) at loc. cit. 202 the court ruled:

> ... "Since an appellate court is not a forum in which to make a new case, or in which new points will be considered, but is merely a court of review to determine whether or not the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the case which was made in the trial court, and thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal." 4 C.J.S. Appeal & Error Section 253, p. 770. This point is therefore ruled adversely to plaintiff.

The judgment is affirmed.

CRIST, P.J., concurs.

BRUCE NORMILE, Special Judge, dissents in separate opinion.

BRUCE NORMILE, Special Judge, dissenting.

I respectfully dissent. In my view: First, the argument permitted was prejudicial error; Second, the general objection to the improper argument was sufficient under the circumstances of the case; and Third, the improper argument constituted plain error under Civil Rule 84.13(c).

In this case plaintiff's brother was killed as a result of an automobile accident wherein defendant Davis operated the other vehicle. Defendant Clark was Davis' employer. Plaintiff was 29 years old and the decedent was 24 years old. They were the only children of deceased parents. Decedent was unmarried. The two brothers jointly owned the family home, a two-family flat at the time of decedent's death. Plaintiff was married and lived elsewhere.

Upon cross examination of plaintiff, defendant Davis established that plaintiff became the sole owner of the home following his brother's death. Thereafter defendant Clark asked plaintiff if the value of the family place was about $60,000.00. Upon objection as to relevancy and the courts inquiry as to the purpose of the question, counsel for defendant Clark responded:

> "Very simple, your Honor, it goes to show a lack of any pecuniary loss, in fact a pecuniary gain by this man. He is claiming a loss by the death of his brother...He went from half interest of a $60,000.00 house to a whole or full interest of the $60,000.00 house *thereby gaining $30,000.00.* I feel the defendant should be permitted to show that and it's largely in evidence by no objection from him that he is now the sole owner of the property. *I think [I] should be allowed to show any economic or pecuniary gain by the defendant to offset any loss.*" (emphasis added)

The court thereafter stated "I will rule that as irrelevant and immaterial and will leave that out of the case." Following the offer of proof, the court further stated: "Now, bring me a case on that—if you plan to argue that in closing—shows that you can show gain to offset that."

At the close of the evidence, in the instruction conference, counsel and the court discussed the damages to be argued to the jury. At that time defendant Davis objected to any argument by plaintiff regarding bills for the upkeep of the house before or after decedent's death. The objection and ruling were as follows:

> "Now, the mere fact that plaintiff now is obligated to pay all expenses as a result of the fact that he is now the owner of 100% of that house and therefore that is not a proper element of damages that can be argued by the plaintiff in this case. *As a matter of fact, it's a pecuni-*

*ary gain on his part on owning the entire property.*" (emphasis added)

The Court: "Overruled. I am not going to get involved in that."

Thereafter during the argument of the case plaintiff's counsels only reference to pecuniary loss related to the funeral bill. However, counsel for defendant Clark Oil Company then argued:

"This case is for the loss, pecuniary financial loss that allegedly was sustained or claimed to be have been sustained by Mr. Frederick Meyer ... There was no support going from the deceased Adam Meyer to the present plaintiff. *As a matter of fact in terms of pecuniary loss, I ask you to remember this. Now Mr. Frederick Meyer is the sole owner of a house that he only owned half of.* (emphasis added)

Mr. Herd: Judge, I object to this. Improper argument on the grounds previously stated.

The Court: Overruled. Go ahead.

Mr. Ely: He is now the sole owner of that house and it is paid for, also. He is not paying any mortgage or back taxes for it. He is now the sole owner. He used to get $500 from his brother—I am sorry, $500 a year to defray the expenses but now with his brother gone he gets $200 a month in rent and *I think these are factors that can be considered in determining whether or not he actually sustained financial or pecuniary loss.*" (emphasis added)

Respondent asserts that this argument was proper to mitigate damages since it demonstrated that plaintiff did not sustain a pecuniary loss as a result of his brother's death. However, this is incorrect. The "American" rule is that assets inherited from a deceased person do not diminish the damages suffered by his heirs from his wrongful death. *McLaughlin v. United Railroads of San Francisco,* 169 Cal. 494, 147 P. 149 (1915). Also see *Stathos v. Lemich,* 213 Cal.App.2d 52, 28 Cal.Rptr. 462 (1963); *Wilson v. City and County of San Francisco,* 106 Cal.App.2d 440, 235 P.2d 81 (1951); *Hexamer v. Public Service*

*R. Company,* 1926, 4 N.J.Misc. 184, 132 A. 310; *Closson v. Griffith,* (1926) 219 App. Div. 163, 218 N.Y.S. 517, aff. (1927) 245 N.Y. 552, 157 N.E. 845; *Gaydos v. Domabyl,* (1931) 301 Pa. 523, 152A. 549; *Wiester v. Kaufer,* (1933) 188 Minn. 341, 247 N.W. 237.

Respondents rely on one case to the contrary, *San Antonio and A.P. Railway Company v. Long,* 87 Tex. 148, 27 S.W. 113 (1894). That case did allow admission of evidence of the decedent's will under a particular statute which required the jury to determine separately the amount to be recovered by each of the five adult plaintiff children. However, that case has never been followed and has been distinguished. See *McLaughlin v. United Railroads of San Francisco,* supra; *Tyler S.E. Ry Company v. Rasberry,* 13 Tex.Civ.App. 185, 34 S.W. 794 (1896).

The modern authorities agree with the "American" rule. "The fact that one or more beneficiaries ... inherits property from the deceased does not diminish damages recoverable." Restatement of Torts 2d, Damages, Sec. 925 Comment H, page 531; 25A C.J.S. Death, Sec. 114, page 960; "Damages under the Missouri Wrongful Death Act", Wright, 37 Journal of Missouri Bar 92, 95, (1981). "In determining the damages suffered as a result of a tortious act...an indirect benefit to plaintiff, ... resulting from defendants wrongful act can not be set up in mitigation of damages." 25 C.J.S. Damages, Sec. 98(1), page 1005; 22 Am Jur 2d Death, Sec. 160, p. 722; Restatement of Torts 2d, Damages, Sec. 920A, page 514, Sec. 920b, page 510.

The Supreme Court in *Iseminger v. Holden,* 544 S.W.2d 550, 552 (Mo Banc 1976) adopted the language of 25 C.J.S. Damages, Sec. 99(1), page 1011–1012 as follows:

"Under the collateral source rule or doctrine...a wrongdoer is not entitled to have the damages to which he is liable reduced by proving that Plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or, stated more succinctly, the wrongdoer

may not be benefited by collateral payments made to the person he has wronged. This is an established exception to the general rule that damages and negligence actions must be compensatory."

*Iseminger* also adopted the ruling of *Kickham v. Carter*, 335 S.W.2d 83, 89–90 (MO 1960) that "errors of that nature are presumed to prejudicial." In *Iseminger* admission of evidence as to plaintiff's hospital insurance was found to be prejudicially erroneous. In *Blessing v. Boy Scouts of America*, (Mo App 1980) 608 S.W.2d 484, admission of evidence concerning plaintiff's benefits under a disability insurance coverage was held prejudicially erroneous. In *Beck v. Edison Brothers Stores, Inc.*, 657 S.W.2d 326 (Mo App.1983), admission of evidence that defendant's medical plan had paid lost wages and medical bills for plaintiff was held prejudicially erroneous. Also see *Kaelin v. Nuelle*, 537 S.W.2d 226 (Mo App.1976); *Stanziale v. Musick*, 370 S.W.2d 261 (Mo 1963); *Joshmer v. Fred Weber Contractors*, 294 S.W.2d 576 (Mo App.1956); *Baker v. Fortney*, 299 S.W.2d 563 (Mo App.1957); *Nigro v. Kansas City Monument Co.*, 236 Mo.App. 844, 158 S.W.2d 179 (1942).

Under Civil Rule 70.02 it is the judges non-delegable duty, and not the attorneys, to instruct the jury as to the law. Under M.A.I. this duty continues throughout the argument; and the judge must be alert to misstatements of the law in argument. M.A.I. "How to Use This Book", XCVIII, 1981. It may be noted that Civil Rule 70.03 provides that neither general nor specific objections are required to instructions at trial. The trial court must promptly prohibit or correct misstatements of the law which occur in closing arguments. Where the court permits the misstatement while overruling objection to it, "reversible error is almost inevitable". *Halford v. Yandell*, 558 S.W.2d 400, 412 (Mo App.1977); *Carrel v. Wilkerson*, 507 S.W.2d 82, 85 (Mo App.1974); *Allison v. Home Sav. Ass'n of Kansas City*, 643 S.W.2d 847 (Mo App. 1982). The trial judges function in deciding the law during argument is particularly critical as it relates to damages in a wrongful death case since M.A.I. 5.01 gives no direction to the jury as to the elements of compensable damages which are provided by Sec. 537.090 RSMo.Sup.1979. The Committee's Comment (1981 Rev.) M.A.I. 5.01 suggests that "the separate elements of damage are properly a matter for argument and are not and should not be listed in this damage instruction." It is for these reasons that the Committee's Comment to M.A.I. 4.01 and 5.01 require a discussion on the record at the instruction conference as to the damages supported by the evidence which can properly be argued to the jury.

In this case the jury had been instructed by M.A.I. 2.01 that the court might be called upon to determine questions of law and to decide whether matters might be considered by them under the law while the trial was in progress, and that if the court overruled an objection, they might consider that matter in their deliberations. After those instructions, defendant Clark argued to the jury that plaintiff's acquisition of sole ownership of the jointly owned house and the increased rental income from it were "factors that can be considered in determining whether or not he actually sustained financial or pecuniary loss." This was a positive and prejudicial misstatement of the law which allowed the jury to offset plaintiff's damages by the very substantial collateral benefits which he received. By overruling plaintiff's objection, the court approved the argument. In doing so the court effectively instructed the jury that it must find for the defendants if it found that the collateral benefits exceeded plaintiff's damages from the death. The poisonous character of the improper argument was particularly acute in this case where the evidence of "pecuniary loss" was limited to $3,310.00 funeral expenses. Thus, if the jury found that plaintiff's damages were less than the suggested $30,000.00 half interest acquired by plaintiff, it was required to return a defendants verdict.

Missouri Evidence Restated, Sec. 103 (Mo Bar 1984) provides that "a general objection is sufficient if the evidence is

wholly inadmissible for any purpose." Also see 1 Wigmore, Evidence, Sec. 18, p. 824 (Tillers Rev. 1983). *State v. Cardwell,* 332 Mo. 790, 60 S.W.2d 28, 31 (1933). The general objection is also sufficient to alert the trial court to an error and preserve it for review where an argument is so "palpably unfair as presumptively to have fostered a miscarriage of justice". *Kelley v. Hudson,* 407 S.W.2d 553, 558 (Mo App. 1966); *Hungate v. Hudson,* 353 Mo. 944, 185 S.W.2d 646 (1945); 4 C.J.S. Appeal and Error, Sec. 297, p. 917. In the instant case it is clear that evidence as to the collateral benefits of the value and income of the jointly owned house was inadmissable for any purpose. It is clear that the argument that such collateral benefits could be offset against plaintiff's damages was obviously false and manifestly prejudicial. It appears that the argument was "palpably unfair" in that it effectively directed a verdict for defendants if the collateral benefits were found by the jury to exceed the damages sustained. "A party seeking to recover damages is entitled to have the correct rule of damages applied, and this is a rule of law *that is not waived as objections to evidence are waived.*" 25 C.J.S. Damages, Sec. 100, p. 1020 (emphasis added).

The principal opinion relies on *Dolgin v. Potter Electric Signal Co.,* 536 S.W.2d 61 (Mo.App.1976). However, the argument there did not constitute a positive misdirection to the jury as to the law; and the trial court had not made three previous rulings sustaining the plaintiffs position on the same issue raised by plaintiffs objection. The basis of the objection should have been reasonably apparent to the court under these circumstances.

The cases of *Olsten v. Susman,* 391 S.W.2d 328 (Mo 1965); *Mickel v. Thompson,* 348 Mo. 991, 156 S.W.2d 721 (1941); and *Vowels v. Missouri Pac. R. Co.,* 320 Mo. 34, 8 S.W.2d 7 (1928) are not in point here. Those cases stand for the proposition that when an objection is *sustained* to improper argument, the objecting party may not later complain on appeal that *the trial court should have granted even more relief than was requested and granted.* For example, in *Olsten,* not only was plaintiff's objection to improper argument sustained, but the trial court also granted plaintiff's motion for a mistrial. Thereupon, plaintiff withdrew the motion for mistrial and the case was completed. On appeal it was held that there was no error in the failure of the trial court to grant a new trial because of this incident since the trial court had granted plaintiff all of the remedial action requested or desired. In this case, however, plaintiff's objection to the improper argument *was* plaintiff's request that the jury not be allowed to consider the argument. If the court had sustained plaintiff's objection, no further relief would have been required. The trial court did in fact fail to do that which was requested by the plaintiff.

It is also my view that the court's misdirection to the jury constituted "plain error" under Civil Rule 84.13(c). In this respect the case of *Baker v. Fortney,* 299 S.W.2d 563 (Mo App.1957) is in point. In *Baker* the trial judge made a response to a juror's inquiry whether any consideration should be given to certain insurance money collected by the plaintiff. No objections were made to these remarks. However, the judge's response to the juror in *Baker,* just as the court's approval of the argument in this case, allowed the jury to offset collateral benefits against the plaintiff's damages. Even though *no objection* was made, the appellate court found a misdirection to the jury constituting "plain error" under the rule. The case for application of the plain error rule is stronger here since an objection was made to the improper direction to the jury. Plaintiff's "substantial rights" were affected by allowing the jury to offset the collateral benefits. "Manifest injustice" would certainly arise if the jury had found, as they could have under the circumstances, that the defendants were liable, but that a verdict for the defendants was required since the collateral benefits exceeded the plaintiff's damages.

For the foregoing reasons I would reverse and remand.