Marie E. OLSTEN, Appellant,

v.

Louis B. SUSMAN, Respondent.

No. 49346.

Supreme Court of Missouri

Division No. 2.

Dec. 11, 1962.

Sherman Landau, St. Louis, for appellant.

Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for respondent.

BOHLING, Commissioner.

Mrs. Marie E. Olsten sued Louis B. Susman for personal injuries sustained in an automobile collision, asking $22,500 damages. She has appealed from the judgment entered upon a verdict for the defendant. She complains of one of defendant's instructions, a statement in defendant's argument, and the exclusion of certain evidence.

The collision occurred in the intersection of Madison and Hadley streets in the City of St. Louis, between 1:00 and 1:30 p.m., December 17, 1959. It was raining. There were no stop signs at this intersection. Madison is an east-west street, 36 feet wide, and Hadley is a north-south street, 43 feet wide. A multiple family brick dwelling, situate at the southeast corner of the intersection and extending flush to the sidewalks (14 feet 9 inches wide) on Madison and on Hadley, and an automobile, parked at the east curb of Hadley a short distance south of Madison, obstructed the view to some extent of westbound motorists on Madison and northbound motorists on Hadley.

William C. Olsten, plaintiff's son, was westbound in a Plymouth automobile on Madison, taking plaintiff to Dr. Joseph Kessler's office for treatment. Defendant was northbound in a Chevrolet on Hadley. William testified he approached Hadley in the westbound lane of Madison at about 25 miles per hour. He had his foot on the brake, shifted into second gear, slowed to 20 m. p. h. about 25 feet east of the intersection, sounded his horn twice, looked to his right and left, saw no approaching northbound traffic, and entered the intersection. When the Plymouth was 10 or 12 feet into the intersection, he looked south again, couldn't see more than 50 or 60 feet south, and didn't see defendant's automobile. His attention was directed to the situation by his mother, and he looked south again when the Plymouth, traveling 15 or 20 m. p. h., was approximately at the center line of Hadley, and saw the Chevrolet just entering the intersection, about 15 or 20 feet away, at a high rate of speed. He stated the Chevrolet was swerved to the west, going over the center line of Hadley, and then was swerved back east and "slammed into the front of my car," jerking it to the north.

Defendant testified he was traveling about 20 m. p. h., northbound, 3 to 5 feet east of the center of Hadley. He slackened speed and looked east before entering the intersection. When at least one-half of his Chevrolet was in the intersection and traveling about 15 m. p. h., he first saw the Plymouth about one-fourth of a block (70 to 80 feet) to the east. Defendant then looked to his left (west) and again to his right and the Plymouth was upon him. The front end of the Plymouth struck the middle of the right side of the Chevrolet, and caused the Chevrolet to spin around and strike a car parked at the northwest corner of the intersection. The Plymouth stopped with its front end in the southbound lane of Hadley.

■ Plaintiff first attacks instruction No. 3, by which defendant undertook to converse a factual situation essential to a recovery under plaintiff's submission. This calls for a consideration of plaintiff's verdict-directing instruction, which, so far as material here, required findings "that the Plymouth automobile in which Mrs. Olsten

was a passenger entered said intersection prior to the time defendant's automobile entered said intersection and that the Plymouth automobile was in the intersection when defendant's automobile arrived thereat; and if you further find and believe from the evidence that after the Plymouth was in said intersection, the defendant, in the exercise of the highest degree of care could have yielded the right of way through said intersection that is the right to proceed through said intersection, to the Plymouth automobile"; and, in effect, that the proximate cause of plaintiff's injuries was defendant's negligence in failing to yield the right-of-way to the Plymouth automobile in said intersection.

Plaintiff's submission was under an ordinance providing: "All drivers shall reduce speed at intersections and yield the right-of-way to any vehicle already within the intersection, and when entering at the same time shall yield to the vehicle on his right." St. Louis Ordinance No. 46,687, Article 2, § 13(7).

Questioned instruction No. 3 read: "The court instructs the jury that if you find and believe from the evidence that the automobile operated by Louis Susman entered and was in the intersection formed by Hadley and Madison streets before the automobile operated by William C. Olsten, Jr., entered said intersection, then you are instructed that you must return your verdict in this case for defendant Louis Susman and against the plaintiff."

■ The situation would accord with Coit v. Bentz, Mo., 348 S.W.2d 941, 945[6, 7], stressed by plaintiff, had defendant undertaken to converse plaintiff's submission of defendant's duty to exercise the highest degree of care to yield the right-of-way to the Plymouth automobile through the intersection (submitted in plaintiff's last-quoted "if you further find" clause) and, in doing so, omitted therefrom defendant's duty to exercise the highest degree of care in so yielding the right-of-way, as did the instruction in the Coit case. The present defendant's instruction, instead of conversing the negligence feature of plaintiff's instruction, conversed physical acts constituting a vital and necessary hypothesis submitted by plaintiff for a plaintiff's verdict. The propriety of doing so is recognized in the Coit case at 1. c. 944[4] and 1. c. 945 at the close of the discussion.

In plaintiff's case of Martin v. Lingle Refrigeration Co., Mo., 260 S.W.2d 562, 565, 566 [1, 2], the plaintiff submitted several acts of negligence on the part of defendant in the disjunctive and defendant's verdict-directing instruction conversed some but not all of the negligent acts hypothesized in the plaintiff's instruction. That is not the situation in the case at bar.

In plaintiff's cases of Hartley v. Smith, Mo., 354 S.W.2d 854, 857[4]; Happy v. Blanton, Mo., 303 S.W.2d 633, 637[3–6]; Thayer v. Sommer, Mo., 356 S.W.2d 72, 79, and Hall v. Rager, Mo., 357 S.W.2d 83, 87

■■ the court was considering "sole cause" instructions, which should submit findings of hypothesized facts, the negligence of plaintiff or some third party, and non-negligence of the defendant. Some distinctions between the two classes of instructions are noted in the Happy case, supra; and see Liebow v. Jones Store Co., Mo., 303 S.W.2d 660, 662[5, 6].

■ In the case at bar the testimony on behalf of plaintiff was that the Plymouth in which he was a passenger had entered, was in and proceeding across the intersection before defendant's Chevrolet arrived at the intersection. This was a submitted essential factual situation to a plaintiff's verdict. Under the submission plaintiff had no case against defendant if the Plymouth was not in the intersection when defendant's automobile arrived thereat. Cases are reviewed in the appellate courts only upon the same theory upon which they are tried and submitted in the trial courts. Welch v. McNeely, Mo., 269 S.W.2d 871, 875[2]; Wartenbe v. Car-Anth Mfg. & Sup. Co., Mo.,

353 S.W.2d 570[1]. The issues involved in plaintiff's cases of Wilson v. Toliver, 365 Mo. 640, 285 S.W.2d 575, 582[10], and Ross v. Wilson, 236 Mo.App. 1178, 163 S.W.2d 342, 346[4], were not the issue submitted in plaintiff's verdict-directing instruction.

Plaintiff's verdict-directing instruction was in the conjunctive throughout. Defendant's questioned instruction submitted facts established by evidence that would disprove an essential element of plaintiff's submission. Dell'Aria v. Bonfa, Mo., 307 S.W.2d 479, 480[2]. See, for instance, White v. Pupillo, Mo.App., 263 S.W. 1011, 1012[3], where the court's modification of a converse instruction was held error; and the instruction approved in McCormick v. Kansas City, Mo., 262 S.W.2d 868, 870, 871 [3]. The instruction was proper in view of plaintiff's submission. Cases supra; Oshins v. St. Louis Pub. Serv. Co., Mo., 254 S.W. 2d 630, 631; Frechin v. Thornton, Mo., 326 S.W.2d 122, 127[3]; Conser v. Atchison, T. &. S. F. R. Co., Mo., 266 S.W.2d 587, 593 [18].

The foregoing disposes of the issues presented by plaintiff's general objection to the instruction prior to the submission of the case, the specific objections preserved in her motion for new trial, and perhaps others. Consult Civil Rules 70.02, 79.03, 83.13(a), V.A.M.R.; Hanff v. St. Louis Pub. Serv. Co., Mo., 355 S.W.2d 922, 926[4]; Fredericks v. Red-E-Gas Co., Mo.App., 307 S. W.2d 709, 715[6].

■ Defendant's counsel stated during argument: "It is very strange to me that the only forgotten man in this case is Dr. Kessler. Where was Dr. Kessler? If you will recall, Dr. Kessler is the doctor Mrs. Olsten was going to on the day this accident occurred. He wasn't here to testify—." Plaintiff objected on the ground there was no evidence that Dr. Kessler was aware of plaintiff's injuries or had any knowledge of the injuries which she sustained in this collision. Plaintiff's objection was overruled. There was no further reference to Dr. Kessler. The grounds of plaintiff's objection went only to the extent of plaintiff's injuries and the amount of plaintiff's damages. The jury found for defendant on the issue of liability and never reached the issue of damages. There was no prejudicial error calling for a reversal of the judgment entered on the verdict. Merritt v. Mantony, Mo., 353 S.W.2d 768[2], and cases cited.

Plaintiff's last point is that the court erred in excluding a police report of the accident in the following circumstances.

To lay a foundation for impeaching William Olsten as a witness, defendant's counsel, on cross-examination, read the following from a police report of the accident: "Upon questioning driver of Vehicle No. 1 [the Plymouth] he stated he proceeded west on Madison and had slowed down at the intersection of Hadley and observed Vehicle No. 2 [the Chevrolet] coming north on Hadley, however anticipated he had time to cross but when he started up Vehicle No. 2 suddenly appeared in front of him and he collided with same." Then in response to questions the witness testified, in effect, that he had not made this statement in its entirety; that he had observed the Chevrolet within fifteen or twenty feet of the collision but had not observed it approaching the intersection, and he did not say his car struck defendant's.

James Webb, a detective with the St. Louis Police Department, was called by defendant. Officer Palmer Krueger of the Accident and Investigating Squad was at the scene of the collision when Webb arrived. Krueger told Webb he was not needed, and Webb left without making an investigation. Webb did not help make out the police report and had no personal knowledge of the statements in it. Officer Krueger had been subpoenaed for the trial but was sick with the "flu" and on sick leave. Webb testified that the investigating officer makes a "handwritten" report and the district clerk fills out the printed forms of the report. He did not know whether the clerk typed the report as worded by the

officer, or that the information on "this," the typewritten report, was accurate.

Later, at plaintiff's counsel's request, Officer Webb produced what he stated was a handwritten report of the accident, which was marked defendant's Exhibit No. C for identification. Webb did not know who had written it, and it was not offered in evidence by defendant.

Plaintiff, thereafter, upon an answer by the witness that the police report showed defendant "first observed the other automobile" when it was 25 feet from him being stricken, offered to prove that the witness, if permitted, would testify that the police report "shows the distance wherein defendant first had notice of the danger of a collision was twenty-five feet," to contradict the testimony of defendant and as an admission against interest. This offer, on objection, was refused.

Plaintiff later offered the police report in evidence, which, upon objection, was refused.

■ Plaintiff contends on her appeal that after defendant's counsel had exhibited the police report in the presence of the jury, and had read a portion of it in framing questions when cross-examining William Olsten, plaintiff was properly entitled to introduce the entire police report in evidence.

Plaintiff relies on Godsy v. Thompson, 352 Mo. 681, 179 S.W.2d 44, 48[6], and Baker v. Atkins, Mo.App., 258 S.W.2d 16, 21[12]. In the Godsy case the court considered a safety rule requiring the engine bell to be rung "when an engine is about to move" was in evidence, although not formally introduced, as it was read to the jury and regarded by defendant's counsel as being in evidence. In Baker v. Atkins, an action for fraudulent representations, admission of testimony by a plaintiff's witness that the "Red Book," a guide used by automobile dealers, showed the motor number of the car involved was for a 1947, not a 1948, model was considered non-prejudicial, although hearsay and not the best evidence, and the "Red Book" in evidence, although not formally introduced, since the "Red Book" had been marked plaintiff's exhibit 4 for identification and defendant testified on cross-examination it so showed the motor numbers and that he used it and considered it a good guide.

Officer Krueger, who had knowledge of the facts stated in the police report, did not testify at the trial. If defendant made further attempts to use the statement in the exhibit, we have overlooked them in this record. It was not established that witness Olsten made the statements therein attributed to him. In plaintiff's cases the parties regarded the exhibit as in evidence or the adverse party's testimony also established the fact testified to by plaintiff's witness and the trustworthiness of the exhibit. We do not find in that portion of the exhibit presented here that the purported handwritten report contained a statement attributed to defendant that "the distance wherein defendant first had notice of the danger of a collision was twenty-five feet." A statement to that effect appears on the "printed forms," which Officer Webb testified are filled out by the district clerk from the handwritten report. In these circumstances the statement appears to be a conclusion of the district clerk. Webb, by whom plaintiff sought to establish the authenticity of the exhibit, testified he had no personal knowledge of the statements, took no part in making the report, and did not know that the information thereon was accurate. Plaintiff's presentation does not establish that she was entitled to have this police report admitted in evidence.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.