William P. OLSTEN, Appellant,

v.

Louis B. SUSMAN, Respondent.

No. 50753.

Supreme Court of Missouri.

Division No. 2.

May 10, 1965.

Rehearing Denied June 14, 1965.

---

Sherman Landau, St. Louis, for appellant.

Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff, the husband of Marie E. Olsten, brought suit against the defendant for loss of services of his wife, medical expenses, and damages to his automobile. The prayer was for $27,500. The verdict was for defendant and plaintiff has appealed. This action arose out of the same automobile collision which gave rise to the appeals decided in Olsten v. Susman, Mo., 362 S.W. 2d 612, and Olsten v. Susman, Mo., 391 S.W.2d 331, handed down concurrently herewith. The circumstances of the collision are not material to the issues on this appeal, but they may be found at 362 S.W. 2d 612.

Plaintiff first contends that the trial court erred "in failing to grant [him] a new trial for the prejudicial action of defendant's counsel in informing the jury in this case that the jury in the wife's suit, arising out of the same collision, had determined the issues adversely to her, and for the prejudicial misconduct of defendant's counsel in flouting the court's ruling by repeating the same prejudicial error immediately after the court had ruled that such argument was prejudicially erroneous."

During the trial the testimony of plaintiff in his wife's suit for damages for personal injuries was used for purposes of impeachment, and the fact that her trial had previously been held had been mentioned by both parties. The argument of defendant's counsel of which plaintiff complains was as follows: "This is a lawsuit by Mr. Olsten to recover for her medical expense, for whatever damage was done to his car and for whatever loss of society of the companionship that he had of his wife because of her injuries. This is a very strange and bizarre thing. This is the lawsuit you are trying, because her lawsuit for her injuries has already been tried, it's over and it's finished. It has been tried to a jury just like you twelve people in St. Louis County and I can't emphasize that enough. And I ache, I ache to tell you what happened, what that jury decided out there, but I can't tell you under the rules of evidence what that jury decided out there. I wish I could." Counsel for plaintiff objected "to that as being improper argument." The trial court sustained the objection, and without request instructed the jury to disregard "the last part of the argument of counsel," and commented that "what happens in another matter is not before us here." Out of the hearing of the jury counsel for plaintiff then moved for a mistrial, and the trial court ruled, "It will be granted." However, counsel then said this: "Well, I'll withdraw it."

The argument of defendant's counsel was improper. The trial court correctly sustained an objection to it, and it did not abuse its discretion in declaring a mistrial. However, since the request for a mistrial was withdrawn, the trial court correctly permitted the trial to continue.

Plaintiff's complaint now is that after the jury returned a verdict adverse to him the trial court should have granted him a new trial because of this incident.

■ It has long been the general rule that when no objection is made to improper argument it is not a matter subject to review on appeal. The theory is that the erroneous feature thereof is waived. O'Brien v. City of St. Louis, Mo., 355 S.W. 2d 904. See also Hilton v. Thompson, 360 Mo. 177, 227 S.W.2d 675; Stanziale v. Musick, Mo., 370 S.W.2d 261; Corley v. Kroger Grocery & Baking Co., 355 Mo. 4, 193 S.W.2d 897. Also, the failure to request the trial court to instruct the jury to disregard improper argument or a question constitutes a waiver of the right to complain on appeal that the jury was not so instructed, Mickel v. Thompson, 348 Mo. 991, 156 S.W.2d 721, and the same is true when there is no request that the trial court reprimand counsel for improper argument. Vowels v. Missouri Pac. R. Co., 320 Mo. 34, 8 S.W.2d 7. Following this rationale and based on this theory, it also has repeatedly been held that when the trial court sustains an objection to improper argument, and no further remedial action is requested, no error is preserved for appellate review, Copeland v. Terminal R. Ass'n of St. Louis, 353 Mo. 433, 182 S.W.2d 600, certiorari denied 323 U.S. 799, 65 S.Ct. 554, 89 L.Ed. 637; Seested v. Post Printing & Publishing Co., 326 Mo. 559, 31 S.W.2d 1045; Rockenstein v. Rogers, 326 Mo. 468, 31 S.W.2d 792; Gann v. Chicago, R. I. & P. Ry. Co., 319 Mo. 214, 6 S.W.2d 39; Busse v. White, Mo., 274 S.W. 1046; Outman v. Union News Co., Mo., 237 S.W. 800, and the party may not complain on appeal that the trial court should have done more than requested. Shepard v. Harris, Mo., 329 S.W.2d 1, 13; Chiodini v. Terminal Railroad Association of St. Louis, Mo.App., 287 S.W.2d 357. In this case it is not a situation where plaintiff failed to request remedial action. He made the request, it was granted, and he then expressly and understandingly withdrew the request and elected to take his chances with the jury. The trial court granted to plaintiff all the remedial action requested or desired. Under these circumstances the trial court did not err when it refused to grant plaintiff a new trial because of the improper argument of defendant's counsel.

■ If it can be said that in the subsequent argument defendant's counsel "flouted" the court's ruling, and we do not rule this issue, plaintiff made no objection whatever to these subsequent remarks of counsel. Therefore, he may not now complain on this appeal. Stanziale v. Musick, Mo., supra; Fisher v. Williams, Mo., 327 S.W.2d 256, 261; Joice v. Missouri-Kansas-Texas R. Co., 354 Mo. 439, 189 S.W.2d 568, 161 A.L.R. 383.

Plaintiff's second point is that the trial court erred "in admitting in evidence the pleadings in the son's suit for the reason that the pleadings * * * averred no facts relevant to the issues involved in this case," and resulted in confusion and drew the jury's attention away from the issues.

The record does not support the statement that the "pleadings in the son's suit" were admitted in evidence. On cross-examination of plaintiff's son, the operator of the automobile in which Mrs. Olsten was riding, defendant's counsel asked if he had filed a suit against defendant for damages arising out of the same collision. The son admitted that he had, and that the suit was then pending. Defendant started to ask about what he claimed in respect to injuries, and plaintiff objected. A lengthy discussion was held out of the hearing of the jury, and defendant explained that he wanted to ask about his allegations of injuries "to show possible interest on his part with respect to his testimony in this particular case." The court ruled that he would limit "defendant's interrogation with reference to the specific language used in the petition * * * that is, 'he sustained multiple contusions, lacerations and abrasions, of the head, face, neck and body,'"

and that " 'all of the foregoing injuries and conditions are continuing, progressive and permanent.' " In the examination that followed, it was developed that the son did not know what allegations pertaining to injuries were in his petition, and that he had not read the petition before it was filed.

 In a personal injury action, any fact such as interest, bias or motive of witness affecting his credibility, may be shown on cross-examination, and the extent to which that cross-examination may go must be left largely to the discretion of the trial court. It is proper for the defendant to show on cross-examination of a witness for plaintiff that he had filed a suit for damages against defendant arising out of the same incident giving rise to the suit on trial, and to show the amount sued for. Golden v. Onerem, Mo.App., 123 S.W.2d 617; Riner v. Riek, Mo.App., 57 S.W.2d 724. Here the trial court outlined carefully the limits of defendant's cross-examination, and permitted him to ask about what he alleged was the basis for the amount sought. All of this went to the interest of the witness, and we cannot say that the trial court abused its discretion in permitting it. In any event, the pleadings were not admitted in evidence, and that really is the basis of plaintiff's complaint on this appeal.

■ Plaintiff's last point is that the trial court permitted defendant's counsel in his argument "to ridicule and deride Instruction No. 5" which submitted "the principle of concurrent negligence," and "to thus urge a theory of defense which conflicted with the court's instructions." The language of which plaintiff complains is set out in the argument portion of his brief, but we shall not set it out here. We do not agree that it constituted reversible error, but in any event the matter is not before us for decision. There was no objection whatever made to the argument at the time, Stanziale v. Musick, supra; Fisher v. Williams, supra, and in addition, there is no assignment of error pertaining to the incident in the motion for new trial. Civil Rule 79.03, V.A. M.R.; State ex rel. State Highway Commission v. Dockery, Mo., 340 S.W.2d 689.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.