William OLSTEN, Respondent,

v.

Louis B. SUSMAN, Appellant.

No. 50574.

Supreme Court of Missouri.

Division No. 2.

May 10, 1965.

Rehearing Denied June 14, 1965.

Sherman Landau, St. Louis, for respondent.

Murphy & Kortenhof, Joseph M. Kortenhof, St. Louis, for appellant.

STOCKARD, Commissioner.

In plaintiff's suit for damages in the amount of $37,500 for personal injuries resulting from an automobile collision, the jury verdict was for defendant. The trial court thereafter granted plaintiff a new trial "on the ground the Court erred in giving Instruction No. 3," and defendant has appealed. This action arose out of the same automobile collision which gave rise to the appeals decided in Olsten v. Susman, Mo., 362 S.W.2d 612, and Olsten v. Susman, Mo., 391 S.W.2d 328, No. 50,753, handed down concurrently herewith. The facts of the collision are not material to the issues on this appeal, but they may be found at 362 S.W.2d 612.

Plaintiff submitted his case on primary negligence by Instructions No. 1 and No. 2, and humanitarian negligence by Instruction No. 5. Instruction No. 3 submitted contributory negligence on the part of the plaintiff. The trial court did not set forth the reason why it considered this instruction to be erroneous, but in supporting the action of the trial court in granting a new trial plain-

tiff asserts on this appeal that it "wrongfully injected primary negligence into plaintiff's humanitarian rule submission."

Plaintiff does not contend that Instruction No. 3 is erroneous when considered only in connection with his two instructions submitting primary negligence. It follows substantially the instruction approved in Whaley v. Zervas, Mo., 367 S.W.2d 611. His contention is that since he submitted both primary and humanitarian negligence, contributory negligence on his part was injected as a defense to his humanitarian negligence submission by the statement at the beginning of Instruction No. 3 that plaintiff "was under an obligation to exercise the highest degree of care to keep a lookout for the approach of other vehicles at the intersection * * *."

■ By submitting both humanitarian and primary negligence in a case plaintiff cannot deprive defendant of the defense of contributory negligence as to the primary submission. Therefore, the determinative question in this case is whether Instruction No. 3 was worded so as to cause a jury of reasonable intelligence and understanding to believe that the contributory negligence therein submitted could constitute a defense to the humanitarian negligence submitted by Instruction No. 5.

■ After reciting the duty of defendant pertaining to lookout, as above set forth, Instruction No. 3 hypothesized facts, supported by the evidence, from which the jury could find that plaintiff was contributorily negligent. It was then stated that if the jury so found, "you are instructed that you must find in favor of defendant on the issue submitted to you in Instructions No. 1 and 2 * * *." In this manner the statement of the duty of plaintiff to exercise the highest degree of care to keep a lookout was limited to the issue of primary negligence submitted by the plaintiff. Instruction No. 6 was a converse instruction of Instruction No. 5 submitting humanitarian negligence, and in that manner the jury

was told what it could consider as a defense to the submission of humanitarian negligence. When Instruction No. 3 is read in its entirety, and not just the isolated statement pertaining to the duty of plaintiff to keep a lookout which is all plaintiff has set out in his brief, and when Instruction No. 3 is read in connection with the other instructions it is perfectly clear that the statement therein pertaining to plaintiff's duty to keep a lookout was to be considered by the jury only as a defense to the primary negligence submitted in Instructions Nos. 1 and 2, and not as a defense to the humanitarian negligence submitted in Instruction No. 5. We fail to see how any jury of reasonable intelligence and understanding could have been caused to believe otherwise, and the instruction was not erroneous for the reason now advanced by plaintiiff in support of the action of the trial court in granting a new trial.

Plaintiff relies on Endermuehle v. Smith, Mo., 372 S.W.2d 464; Sheering v. St. Louis Public Service Co., Mo., 300 S.W.2d 483; and Keithley v. St. Louis Public Service Co., Mo.App., 379 S.W.2d 149. In each of these cases plaintiff submitted his case solely on humanitarian negligence, and there was no language in defendant's instruction limiting its application as in this case.

Plaintiff sets forth in his brief two other matters assigned as error in his motion for new trial which he asserts should have been sustained, although the order of the trial court granting a new trial made no mention of them.

Plaintiff asserts that prejudicial error was "injected into the trial of this case" when defendant's counsel "deliberately and intentionally" informed the jury that in a different suit arising out of the same collision brought by plaintiff's mother against the same defendant the jury had returned a verdict for defendant.

Some background information is helpful. When defendant was testifying on cross-examination, counsel for plaintiff sought to impeach him by using what he referred to

as his testimony at "the hearing of the mother's claim on October 26, 1961." Counsel for plaintiff also referred to "the mother's case," and he stated that defendant "testified before the jury in that case." The fact that the case of plaintiff's mother had previously been tried was placed before the jury by plaintiff.

On redirect examination the first question asked of defendant was this: "With reference to the trial that was had out in Clayton before a jury when Mr. Olsten [plaintiff] testified and his mother testified, what did that jury decide as to whether you were at fault or not, Mr. Susman?" No answer was made to this question. Out of the presence of the jury plaintiff objected and moved "that the jury be instructed to disregard that question put to him by counsel." He also said: "I further move for a mistrial on the ground that plaintiff has been gravely prejudiced by the putting of that question to this party in the presence and hearing of the jury, and thereby indicating to this jury what the results were of that trial." The following then occurred:

"The Court: Which do you want, a mistrial or * * * you have a double motion.

*  *  *  *  *  *

"Mr. Landau: First, I object to the question itself.

"The Court: Then you are withdrawing your motion for a mistrial?

"Mr. Landau: At this time, yes.

"The Court: The objection will be sustained. [Then, in the presence of the jury]. Members of the jury, I have sustained an objection by Mr. Landau as to what happened to another trial has nothing to do with this one, and you will disregard the question."

■ The question was improper. It presents the substance of the issue presented in Olsten v. Susman, 391 S.W.2d 328, Case No. 50,753. We said there that a statement made by the same counsel in argument, which attempted to bring before the jury the result in another case, authorized the granting of a mistrial upon request. However, in that case as in this one, the request for a mistrial was withdrawn, and for the reasons there set forth plaintiff cannot now complain on appeal of an incident after the trial court took at the time every remedial action requested. Reference is made to the opinion in Case No. 50,753 for the reason for this result and the cases cited.

■ The remaining contention pertains to an incident occurring on the voir dire examination. Defendant equates it to another incident which we shall first set out. During voir dire examination counsel for plaintiff asked the jury panel if "any member of the panel * * * has had any business dealings or transactions with Susman Wiping Materials Company at 1114 North Market, or with Susman, Incorporated, at that same address." Defendant requested a mistrial which was denied, but the trial court, upon request, instructed the members of the panel to disregard the question. We mention here, that this question was improper because neither of these companies had any interest whatever in the litigation, and there was no reasonable basis to believe that they had.

The incident of which plaintiff complains occurred when counsel for defendant asked the jury panel on voir dire this question: "Let me ask, bearing in mind that you haven't heard any evidence or the instructions of the Court and don't know anything about this case, but I want you to assume for a moment that you heard all the evidence and that you find in favor of Mr. Susman. In other words, you believe that he was not at fault under the evidence and the instructions the Court will give you. Assume that for a minute—you may or may not—but assume he was not, is there any reason you know of now as you sit here why you couldn't return a verdict for Mr. Susman if you find he

wasn't at fault?" Counsel for plaintiff objected to this question "for the reason that it requires these jurors to pledge themselves in advance what their conduct would be and their conclusions would be without having heard the discussions of the other jurors and without the evidence." This is substantially the point now presented on this appeal.

Defendant argues that since a corporation was improperly injected into the case, it became "important to know whether the jurors would find in favor of Susman if all the requirements of the law and evidence were met or whether they would still return a verdict against him, because some corporation was in the background."

 The trial judge necessarily and properly has considerable discretion to exercise in control of the voir dire examination. "It is only when there has been a manifest abuse of that discretion and where there is probability of injury to the defendant [a party] that the appellate courts will interfere." Bunch v. Crader, Mo.App., 369 S.W.2d 768, 771. See also State v. Hawkins, 362 Mo. 152, 240 S.W. 2d 688. We do not consider that the question required the jurors to "pledge" themselves in advance of hearing the evidence. Plaintiff did wrongfully inject the idea of a corporate interest into the case, and while defendant's question was perhaps unnecessarily involved, the trial court evaluated the incident at the time it occurred, and again evaluated it when called upon to rule on the motion for new trial. We cannot say that it abused its discretion in the matter.

Under the circumstances of this case the trial court erroneously granted a new trial on the ground stated in the order, and plaintiff is not entitled to a new trial for either of the other two reasons advanced on this appeal.

The order granting a new trial is set aside, and the cause is remanded with directions to reinstate the verdict for the defendant.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.