### STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, (Plaintiff) Respondent,

v.

### Andrew George KIMMEL et al., Exceptions of C. H. Cowger and Dorothy Cowger, (Defendants) Appellants.

#### No. 52109.

Supreme Court of Missouri, Division No. 1.

March 13, 1967.

———◆———

Gayles R. Pine, of Pine, Welling, Jones & Mitchell, Warrensburg, and Shubert & Hight, Harrisonville, for defendants-appellants.

Robert L. Hyder, Jefferson City, and Earl H. Schrader, Jr., Kansas City, for plaintiff-respondent.

FRANK W. HAYES, Special Judge.

This is a condemnation proceeding. The parties will be referred to as plaintiff and defendants. Jurisdiction lies in this court. A detailed recitation of the evidence is not required for the reason that the only issue raised on appeal by defendants (appellants) is that the trial court erred in admitting over their objection Plaintiff's Exhibit No. 5, which was an option dated November 13, 1964, purportedly signed by defendants giving to Phillips Petroleum Company, a Corporation, the right to purchase a tract of land 200' x 200' owned by defendants.

The defendants owned and resided on a 58-acre tract of land located at the northwest part of Harrisonville, Missouri. The tract was located directly south of the intersection of Highway 71 and 71 By-pass and had approximately 1,320 feet frontage along Highway 71. Located on the property were a Phillips service station, a dwelling

house, a garage building, a shed-type barn, a two-story block building, a well house and a birdhouse. The buildings and 21.44 acres of land, plus 1.60 acres as permanent easement and .04 acres as temporary easement, were taken in the condemnation proceedings. There were three separate tracts of land left after the taking. There were 23.82 acres left on the east side of the new highway, 5.99-acre tract to which there was no access, and a tract of 4.35 acres in the northwest corner of the 58-acre tract. Defendants offered evidence that their land was the prime piece of development property in Harrisonville, Missouri, and suitable for both residential and business locations. Their witnesses testified that defendants were damaged by the condemnation in the following sums: $300,000, $450,000, $224,000 $240,620, and $243,000.

The plaintiff's witnesses fixed the defendants' damages by the taking at $69,250 and $71,000. The jury assessed defendants' damages at $110,000.

The sole issue here is whether the court erred with respect to its ruling as to the admission of plaintiff's Exhibit No. 5. Plaintiff's Exhibit No. 5 was an option to purchase real estate in favor of Phillips Petroleum Company, a Delaware Corporation, purportedly from the defendants, covering a tract of land 200′ x 200′ at the junction of U.S. Highway 71 and U.S. Highway 71 By-pass. Plaintiff's Exhibit 11 was an option to purchase real estate in favor of Phillips Petroleum, a Delaware Corporation, signed by defendants, covering a tract of land containing 4.35 acres. Both of these options were dated on November 13, 1964.

On cross-examination of defendant Cowger, he testified that he had not sold this 4.35 acres to the Phillips Oil Company, a Corporation and that an option to purchase this tract had not been exercised by the Phillips Oil Company, a Corporation. He repeated these same statements several times.

The plaintiff then called John Fenley as a witness. Fenley testified that he was district manager for Phillips Petroleum Company, a Corporation, and that he had brought with him the company file pertaining to the Cowger land. He testified that the company had exercised their option to purchase the 4.35-acre tract from defendants and identified plaintiff's Exhibit 5 as being the option. He identified plaintiff's Exhibits 6, 7, 8, 9, and 10, being letters or copies, as showing the exercise of the option to purchase this 4.35-acre tract. These exhibits were admitted over objections of defendants. Upon cross-examination it was developed that Fenley was mistaken and that plaintiff's Exhibit 5 did not cover the 4.35 acres in question but covered other land. It was plaintiff's Exhibit 11 which dealt with the 4.35 acres in question and it was admitted in evidence without objection.

Defendants contend that plaintiff's Exhibit 5 was not properly identified, that it covered land foreign to the issues herein, that there was no proof that defendants executed it, or that the option was exercised, and that it reflected upon the credibility of defendant Cowger and created bias and prejudice against him in the minds of the jury. They made many objections to plaintiff's Exhibit 5 and related exhibits on various grounds and cited several authorities in support thereof. Since we base our opinion on the following record, it is not relevant or necessary to rule the said objections or discuss the cases cited in support thereof.

At the close of all the evidence the following occurred:

"MR. PINE (Outside the hearing of the jury): Before this case is closed I want to make a record here. I now ask that the matter of the property described in Plaintiff's Exhibit 5 and all matters pertaining to said exhibit be stricken out and that no reference be made to it in the arguments for the reason it has nothing to do with the property option of Phillips

Petroleum Company which refers to the 4.35 acres of land; there is no showing Phillips Petroleum Company ever at any time attempted to exercise the option which is Plaintiff's Exhibit 5.

"THE COURT: Do you have any record you desire to make on that?

"MR. SCHRADER: I think the record is now clear on this and I have no intention of arguing about the two options and I agree in all fairness to them it should be withdrawn and if they make no reference to it, I will make no reference to it.

"THE COURT: The request as to Plaintiff's Exhibit 5 will be sustained and Plaintiff's Exhibit 5 and all the evidence relating to it will be withdrawn from the jury. Neither side will be permitted to comment on that."

It will be noted that defendants made two requests relative to admission of plaintiff's Exhibit 5 and relating exhibits, first, "that the matter of the property described in plaintiff's Exhibit 5 and all matters pertaining to said exhibit be stricken," and, secondly, "that no reference be made to it in the argument." The trial court sustained defendants' request and ruled, first, that: "all the evidence relating to it will be withdrawn from the jury," and secondly, that: "Neither side will be permitted to comment on that."

█ It is obvious from the above record that the trial court granted defendants' request in full and gave them all the remedial relief they requested. They did not request a mistrial or that the jury be discharged or any further remedial action by the trial court and they may not complain on appeal that the trial court should have done more than they requested.

As is said in Olsten v. Susman, Mo.Sup., 391 S.W.2d 331, 1. c. 334:

"The question was improper. It presents the substance of the issue presented in Olsten v. Susman, 391 S.W.2d 328,

Case No. 50,753. We said there that a statement made by the same counsel in argument, which attempted to bring before the jury the result in another case, authorized the granting of a mistrial upon request. However, in that case as in this one, the request for a mistrial was withdrawn, and for the reasons there set forth plaintiff cannot now complain on appeal of an incident after the trial court took at the time every remedial action requested. Reference is made to the opinion in Case No. 50,753 for the reason for this result and the cases cited."

Case No. 50,753 referred to above is Olsten v. Susman, Mo.Sup., 391 S.W.2d 328, where this court, in discussing this subject, said, 1. c. 330:

" * * * Following this rationale and based on this theory, it also has repeatedly been held that when the trial court sustains an objection to improper argument, and no further remedial action is requested, no error is preserved for appellate review, Copeland v. Terminal R. Ass'n of St. Louis, 353 Mo. 433, 182 S. W.2d 600, certiorari denied 323 U.S. 799, 65 S.Ct. 554, 89 L.Ed. 637; Seested v. Post Printing & Publishing Co., 326 Mo. 559, 31 S.W.2d 1045; Rockenstein v. Rogers, 326 Mo. 468, 31 S.W.2d 792; Gann v. Chicago, R. I. & P. Ry. Co., 319 Mo. 214, 6 S.W.2d 39; Busse v. White, Mo., 274 S.W. 1046; Outman v. Union News Co., Mo., 237 S.W. 800, and the party may not complain on appeal that the trial court should have done more than requested. Shepard v. Harris, Mo., 329 S.W.2d 1, 13; Chiodini v. Terminal Railroad Association of St. Louis, Mo.App., 287 S.W.2d 357. In this case it is not a situation where plaintiff failed to request remedial action. He made the request, it was granted, and he then expressly and understandingly withdrew the request and elected to take his chances with the jury. The trial court granted to plaintiff all the remedial action requested or desired. Under these circumstances

the trial court did not err when it refused to grant plaintiff a new trial because of the improper argument of defendant's counsel."

Again, in Shepard v. Harris, 329 S.W.2d 1, l. c. 13, this court en banc said:

"Defendant further contends that the trial court erred in failing to declare a mistrial or to reprimand plaintiffs' attorney for asking defendant's counsel a certain question in the presence of the jury and in another instance for refusing to instruct the jury to disregard statements of plaintiffs' counsel made in argument. We have examined those two instances and in both of them the trial court took the action requested by defendant's counsel at the time. Defendant asked for no other relief and may not now complain."

In Booten v. Sutter, Mo.App., 216 S.W. 2d 129, at l. c. 132, the court said:

"Defendant next contends that the Court erred in allowing plaintiff to testify to special damages when no such damages were pleaded by plaintiff in her petition. We think it is unnecessary to set forth the testimony complained of because the Court sustained defendant's objection thereto and excluded all such testimony from the consideration of the jury. Furthermore, it is obvious that such testimony did not work any material or substantial prejudice against defendant in the minds of the jury for they awarded plaintiff only one cent in damages. If defendant believed that the court's action in sustaining her objection to such testimony and excluding it from the jury's consideration was not sufficient she should have requested the court to declare a mistrial. However, she did not make any such request and cannot now properly be heard to complain on that point."

We hold that the trial court gave the defendants all the remedial action which they requested and did not commit error in its ruling on plaintiff's Exhibit 5 and other exhibits.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HAYES, Special Judge, is adopted as the opinion of the Court.

All concur.