Charles P. SPEICHER,
Plaintiff-Respondent,

v.

Norman James DUNN, Jr., and Eunice
Dunn, Defendants-Appellants.

No. 36496.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 4, 1975.

**46**

Jack C. Harper, Clayton, Shifrin, Treiman, Bamburg & Dempsey, Richard B. Dempsey, St. Louis, for defendants-appellants.

David C. Godfrey, Clayton, Eugene K. Buckley, Evans & Dixon, St. Louis, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Suit for personal injuries and property damage brought by Charles P. Speicher against Norman James Dunn, Jr. and Eunice Dunn, arising out of an intersectional automobile collision in St. Louis County. Each defendant filed a counterclaim, Eunice for property damage, Norman for personal injuries. A trial jury found the issues for plaintiff and against defendants on both petition and counterclaims. Defendants have appealed.

Appellants' sole point follows: "Where the entire trial was conducted by plaintiff in a manner calculated to arouse and inflame the jury with feelings of hostility towards defendants and their witnesses, a closing argument suggesting that defendants' attorney tries his lawsuits in an improper manner is reversible error."

■ The adjective clause is so general and lacking in specificity as to what was done in the conduct of the trial to arouse and inflame the jury with feelings of hostility, or wherein and why hostility was engendered, and is so vague and general, that it utterly fails to comply with Rule 84.04(d) requiring points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." *Lawson v. Cooper*, 475 S.W.2d 442, 447[7] (Mo.App.1972). We decline to seine through the transcript, assume the role of adversary and ferret out possible errors in the conduct of "the entire trial" for examination and review. *Cavaness v. Armstrong*, 525 S.W.2d 446, 447[3] (Mo.App.1975). That is appellants' responsibility.

■ Appellants' chief complaint, stated in the main clause of the assignment of error, is that counsel committed reversible error in closing argument suggesting that defendants' attorney "tries his lawsuits in an improper manner." Perusal of the closing argument, reported in full, discloses that counsel did *not* make that argument in those words. Perusal of the argument portion of their brief discloses that appellants' complaint relates to five certain remarks of counsel. To be properly presented for appellate review such allegedly improper remarks should have been stated with particularity in the assignment of error. "Compliance with Rule 84.04(d) required plaintiff, at least, to specify the statements and arguments and to particularize why the allowance of such was prejudicial to it. *Lawson v. Cooper*, 475 S.W.2d 442, 447[7] (Mo.App.1972); *Epperson v. Nolan*, 452 S.W.2d 263, 267[7] (Mo.App.1970); *Hays v. Proctor*, 404 S.W.2d 756, 761[6] (Mo.App.1966)." *M & A Electric Power Cooperative v. Nesselrodt*, 509 S.W.2d 468, 470[4] (Mo.App.1974). Although not so specified and particularized, we will review the challenged remarks, in the liberal exercise of our discre-

tion, because of the brevity of the argument portion of appellants' brief (consisting of one and one-half pages), which makes it possible to ascertain the precise complaints.

■ First, appellants take exception to counsel's reference to Norman Dunn as a "hot rod." Respondent had testified that after he entered the intersection of Highway 140 and Whitehall Manor Drive his automobile stalled in the intersection; that Norman Dunn approached in a sports car at 45–50 m.p.h. and ran into the side of respondent's car. Respondent's counsel, referring to his client, argued, "he wanted to get out of the intersection quickly; he could not do it quick enough though for the hot rod."

Appellants' second and third complaints relate to counsel's reference to Norman Dunn's Camaro automobile as a "hot sports car" and to Dunn's shifting it down from fourth gear into third gear—not downshifting to reduce his speed—but "putting the car into drag."

Appellants characterize the above as "gutter language" and a "highly improper accusation." Reference to an automobile driver as a "hot rod" is improper. Counsel should not engage in name calling in the trial of a lawsuit. Counsel's reference to the automobile as a "hot" sports car was inappropriate and subject to exception. These were not mortal sins, however. The impropriety of using these epithets could have been cured by reprimand of counsel or proper instruction of the jury, on objection and motion or request of appellants, but no objection was registered by appellants and no motion or request of any kind was addressed to the court. "It has long been the general rule that when no objection is made to improper argument it is not a matter subject to review on appeal. The theory is that the erroneous feature thereof is waived [citing cases]. Also, the failure to request the trial court to instruct the jury to disregard improper argument * * * constitutes a waiver of the right to complain on appeal that the jury was not so

instructed [citing cases], and the same is true when there is no request that the trial court reprimand counsel for improper argument." *Olsten v. Susman*, 391 S.W.2d 328, 330, 15 A.L.R.3d 1095 (Mo.1965). And see *Baumle v. Smith*, 420 S.W.2d 341, 346 (Mo. 1967).

■ Counsel's comments on the manner in which Norman Dunn operated gears in reducing his speed as the Camaro approached the intersection were within the bounds of fair comment in argument of the issues tried.

■ Appellants' fourth and fifth complaints are set in this background: In his argument appellants' counsel made the statement, "Now, in all my practice as a lawyer, I have yet to run across a case like this," where a man violates a stop sign and then comes into court "for something as a result of his own negligence * * *." In the last half of final argument counsel for respondent, referring to Mr. Harper's remark, said, "As you all know, we know each other's tactics. We've heard each other before * * * we know each other and we know how lawyers try cases * * *. You file a counterclaim, as Norman and Eunice Dunn have, as we call it, it's in effect a smoke screen, to take the minds off the real issues, as Mr. Harper well knows, take your minds off what really happened in this case. * * * why file (the counterclaim)? I don't know. Don't listen to that smoke screen. * * *" Appellants complain that this is a direct allegation that appellants' counsel had filed the counterclaims as a smoke screen and distraction with the purpose of misleading the jury, and that the tactics of appellants' counsel in this regard are known by respondent's counsel. At one point during these comments appellants' counsel said, "Objection to this line of argument." This objection, patently general, was insufficient to present anything for review. *Ternetz v. St. Louis Lime & Cement Co.*, 252 S.W. 65, 71 (Mo. banc 1923). The trial court should be advised of the basis for the objection. *Gil-*

more v. Union Construction Co., 439 S.W.2d 763, 767 (Mo.1969); Cassin v. Theodorow, 504 S.W.2d 203, 205[2] (Mo.App.1973). Nevertheless, we are constrained to say that counsel's reference to the counterclaim as a "smoke screen" was improper. These words constitute an unjustified personal attack on counsel, clashing with the "orderly tone of a properly tried lawsuit." Lindsey v. P. J. Hamill Transfer Co., 404 S.W.2d 397, 399[2] (Mo.App.1966). Likewise, impugning to opposing counsel the motive of misleading the jury is improper and subject to censure but again, because of the generality of their objection, appellants have waived their right to relief on appeal from the effects of these improprieties.

▮ Appellants would have us rule that the trial court was obliged, with or without objection, to intervene to make sure that the parties have a fair trial and that tactics of this type are not permitted, citing Critcher v. Rudy Fick, Inc., 315 S.W.2d 421 (Mo. 1958); Hancock v. Crouch, 267 S.W.2d 36 (Mo.App.1954); and Fitzpatrick v. St. Louis-San Francisco Railway Co., 327 S.W.2d 801, 80 A.L.R.2d 825 (Mo.1959). Neither of these cases is authority for upsetting this judgment on the facts of this case. In Fitzpatrick a new trial was granted because of the presence in the courtroom during argument of a blind man, in a suit for damages for loss of an eye. In Hancock the improper argument was held not sufficient to justify a new trial on that ground alone. Arguments and misconduct of counsel in Critcher, resulting in a reversal, were inexcusable and highly reprehensible. They went far beyond the comparatively mild improprieties in this case. "Unless the misconduct is so serious that no action by the court could undo the damage, the misconduct is waived by failure to object." 88 C.J.S. Trial § 196e, p. 388. Prompt objection, followed by a reprimand of counsel, and an admonishing of the jury to disregard, might very well have cured or forestalled the improprieties in counsel's conduct in this case. Stevens v. Wetterau

Foods, Inc., 501 S.W.2d 494, 499[11] (Mo. App.1973).

▮ Finally, appellants seek to excuse their failure to object on the ground that if upon request they had been granted a mistrial they would have been subjected to considerable additional expense because appellants live outstate and their chief witness would have to be brought from Pennsylvania; that this required appellants to face an impossible choice which they should not be compelled to make. This contention is without merit. "A party is not entitled, in such a situation, to gamble on the verdict of the jury, and if he loses then assert in a motion for new trial or on appeal that prejudicial error resulted from the incident." Gilmore v. Union Construction Co., supra, 439 S.W.2d l.c. 766. This is analogous to the contention sometimes advanced that improprieties not objected to at trial be considered on appeal under the plain error Rule 78.08, which contention is rejected on the ground that the plain error rule cannot be employed as a refuge "for the maladroit or neglectful," Stevens v. Wetterau Foods, Inc. supra, or a refuge "for counsel who make no record of objection because counsel may consider certain trial situations to be 'difficult to deal with by objections.'" Peterson v. K. C. Pub. Serv. Co., 259 S.W.2d 789, 791[3] (Mo.1953).

Judgment affirmed.

SMITH, C. J., and STOCKARD, Special Judge, concur.