Timothy Daniel O'DONNELL and Nina Hofstetter, Appellants,

v.

GENERAL MOTORS CORPORATION et al., Respondents.

No. 36175.

Missouri Court of Appeals, St. Louis District, Division Four.

Feb. 3, 1976.

Rehearing Denied March 10, 1976.

Elmer C. Oberhellmann, St. Louis, for appellants.

Kortenhof & Ely, Joseph M. Kortenhof, William W. Evans, George E. Lee, St. Louis, for respondents.

SMITH, Chief Judge.

Plaintiffs appeal from an adverse judgment based upon a jury verdict in a products liability case. Plaintiff O'Donnell was seriously injured in a one car accident in which he was the driver. The litigation turned upon whether the rear axle on the car was defective and broke causing the accident or whether the accident first occurred breaking the axle. O'Donnell was 16 at the time of the accident in 1965. Plaintiff Hofstetter is his mother. Defendant General Motors manufactured the automobile; defendant Milner Chevrolet was the original retail dealer; defendant Kiburz was the used car dealer from whom O'Donnell acquired the vehicle (through an adult straw party). The automobile was a 1961 Corvair with 53,000 miles of use at the time of the accident.

Plaintiffs raise five points of alleged error. Defendants contend that no submissible case was made. Finding no prejudicial error properly preserved we need not rule defendants' contention.

■ Plaintiffs first contend that the Court erred in permitting one of the defense attorneys to inquire whether O'Donnell had his seat belt fastened at the time of the accident. Plaintiffs have failed to preserve this point for two reasons. First, no proper objection was made to it at the time of the question.[1] Counsel here elected to utilize an objection to argue to the jury rather than to present legal reasons for the objection to the judge. Such an objection does not call to the court's attention the reason why the question is improper and preserves nothing for review. *Galloway v.*

Galloway, 169 S.W.2d 883[1–5] (Mo.1943). Secondly, plaintiffs submitted a withdrawal instruction on the issue, the court agreed to give it and all three defense counsel agreed it could be given. Plaintiffs' attorney then withdrew the withdrawal instruction and asked that it not be given. The language in *Kirst v. Clarkson Construction Company,* 395 S.W.2d 487[20–22] (Mo.App.1965) is clearly applicable here:

". . . [I]t has long been the rule that, save in exceptional circumstances, it is sufficient to direct the jury to disregard evidence improperly admitted, the presumption being that the jury followed the court's direction; and some of the cases suggest that this rule is particularly applicable where, as in the instant action, there has been no motion for a mistrial on account of the objectionable evidence."

■ We find no exceptional circumstances here. The court offered plaintiffs the only relief they sought and they then withdrew the request for relief. They cannot now complain. See *Olsten v. Susman*, 391 S.W.2d 328[3–6] (Mo.1965); *Ragsdale v. Young*, 215 S.W.2d 514[5] (Mo.App.1948).

Plaintiff's second contention is that the Court erred in sustaining an objection to plaintiffs' use of an allegedly authoritative test in cross-examining an expert witness of defendant. Counsel asked the expert if he was "familiar with the book, *The Fatigue of Metals and Structure*, put out by the United States Government."

■ The witness answered negatively and counsel then asked if "you disagree with this statement—" at which time objection was interposed and sustained. No offer of proof was made nor was any attempt made to identify the book counsel held in his hand. The statement of plaintiffs' attorney that what was in his hand was the government text does not prove itself nor constitute evidence. *Kettler v. Hampton,*

1. The objection was: "I'll object to that, Your Honor. He couldn't presume that an axle is going to break and he's going to be thrown from the car paralyzing him for the rest of his life."

365 S.W.2d 518[11, 12] (Mo.1963); *Landers v. Smith*, 379 S.W.2d 884[4] (Mo.App.1964). We find no error.

Plaintiffs' third contention is that the Court erred in allowing defense counsel to read plaintiffs' answers to interrogatories into the record to show that an eyewitness to the accident surfaced immediately prior to trial. No objection was made at the time the answers were read and we do not find any plain error. The matter is not preserved for review.

Plaintiffs' fourth contention is that the Court erred in permitting defense counsel to comment on plaintiffs' failure to obtain the services of a lawyer until six years after the accident. Simply stated defense counsel did not do that. The matter of when counsel was obtained was raised by plaintiffs during direct examination of plaintiff O'Donnell. The statements of defense counsel to which plaintiffs allude dealt only with the difficulties of obtaining evidence when defendants first learned of the claim six years after the accident. We find no error.

Plaintiffs' last contention is that the Court erred in refusing to permit plaintiffs to recall an expert witness in rebuttal. The evidence sought to be produced at that time was available to plaintiffs during their case in chief and was proper and should have been offered in the case in chief. It is within the trial court's discretion whether to allow rebuttal evidence in such circumstances. *Bean v. Riddle*, 423 S.W.2d 709[5][7] (Mo.1968). We find no abuse of that discretion here.

Judgment affirmed.

CLEMENS, J., and ALDEN A. STOCKARD, Special Judge, concur.